102            OLDHAM *et al. v.* PFLEGER.            [Sept. T.

Opinion of the Court.

# NANNIE E. OLDHAM *et al.*

*v.*

# ADAM PFLEGER.

1. EJECTMENT — *by heirs of mortgagor against grantee of mortgagee.* Although the foreclosure of a mortgage, and sale thereunder, may be void for want of jurisdiction in the court rendering the decree, the heirs of the mortgagor, there having been no redemption, can not maintain ejectment against the mortgagee or his grantee in possession.

2. MORTGAGE — *title and rights of mortgagee.* Under the rulings of this court, as in England, the mortgagee of lands is held, in law, the owner of the fee, having the *jus in re* as well as *ad rem,* and entitled to all the rights and remedies which the law gives such owner, and he may, after condition broken, maintain ejectment against the mortgagor.

APPEAL from the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. CLARK & ELLWOOD, and Mr. T. M. SHAW, for the appellants.

Messrs. HOPKINS & MORROW, and Mr. JOSEPH J. CASSELL, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Ejectment was brought, by appellants, to recover certain lands of appellee, situated in Woodford county. Trial was had by the court, by agreement of parties, without the intervention of a jury, and judgment was rendered for appellee.

Appellants claim as heirs at law of one Samuel L. Chorn, who, by reason of his absence, and being unheard of for more than seven years, is supposed to be dead. Chorn purchased the lands in controversy, together with other lands, of one William Patten, who conveyed the same to him by deed on —— day of April, 1856. Chorn, at the same time, executed a mortgage back to Patten, to secure the payment of his two promissory notes, one for $2388.75, due in six months, and the other for $3858.10, due in eighteen months, given for purchase

money for the land.   On the 7th of October, 1856, $1659.75 was paid on the first note, and no other payments being subsequently made on either note, in 1858 Patten filed a bill to foreclose the mortgage, and summons thereupon issued, returnable to the March term of the Woodford circuit court.   No personal service was made on Chorn, who had then abandoned the country, but some attempt was made to give notice to him as a non-resident, by publication; but whether the notice was sufficient or not is in dispute.   Decree of foreclosure and sale was rendered by the court, and pursuant thereto the lands were sold by the master in chancery to Patten's solicitor, who assigned the certificate of purchase to Patten, and he, in due time, obtained a master's deed.   Patten went into possession of the lands shortly after the sale, and remained therein until in 1865, when he sold and conveyed the property to one Kring. Kring immediately entered into possession, and retained the same until March 1st, 1869, when he sold and conveyed to appellee, who has since had possession.

Appellants insist that the master's deed to Patten was void and conveyed no title, because there was no notice, either actual or constructive, to Chorn of the pendency of the suit for foreclosure; and this is the only ground relied upon to reverse the judgment below.   If the court had jurisdiction of the parties, it is not questioned but that, the sale being pursuant to the decree, the master's deed vested a complete title in Patten, which has been properly transferred to appellee.   But if the court did not have jurisdiction of the parties, and the decree was a nullity, we are unable to see how appellants can maintain ejectment. They rely upon, and must prove, a strictly legal title, good as against Patten and those claiming as his grantees.  If the decree of foreclosure was a nullity, the mortgage was unaffected by it, and is still subsisting.   It was in the usual form of deeds, with a condition of defeasance providing that it should become void upon the payment of the notes at maturity, but was to otherwise remain in full force and effect.

Under the rulings of this court, the mortgagee is held, as in England, in law, the owner of the fee, having the *jus in re* as

well as *ad rem*, and entitled to all the rights and remedies which the law gives to such owner, and may, after condition broken, maintain ejectment against the mortgagor. *Carroll* v. *Ballance*, 26 Ill. 17; *Delahay* v. *Clement*, 3 Scam. 202; *Vansant* v. *Allmon*, 23 Ill. 33. It is true, it is not regarded as such an absolute outstanding title as a stranger can take advantage of, and defeat a recovery in ejectment by a mortgagor or one claiming under him, but it is available to that extent by the mortgagee or one claiming under him. *Hall et al.* v. *Lance et al.* 25 Ill. 281. Applying the principle to the case, it would seem to admit of no discussion that whatever rights appellants have must be enforced in equity. At law, the title in appellee is absolute, but courts of equity allow, under certain circumstances, a redemption, even after possession taken by the mortgagee. If appellants file their bill in apt time, it may be a court of equity will hold appellee to be a mortgagee in possession, and require him, as such, to render an account for rents and profits. But with this, a court of law, in an action of ejectment, has nothing to do.

The judgment is affirmed.

*Judgment affirmed.*