HENRIETTA MESTER

*v.*

DAMON HAUSER.

94    433
193   ²485

1. EJECTMENT—*plaintiff must recover on his own title.* If a plaintiff in ejectment recovers at all, it must be on the strength of his own title to the premises, and not upon any equities another party may have in the subject of the litigation.

2. SAME—*attempt to recover under trust deed—of the defence.* If the plaintiff seek to recover under a trust deed given to secure a debt, he can do so only upon the same principle a mortgagee can recover the mortgaged premises,—as a means of obtaining satisfaction of the indebtedness secured by the mortgage. And if it appear such indebtedness has been paid, or in any way barred or discharged, the right of entry as for condition broken will also be barred.

3. So it is competent in such case for the defendant—the grantor in the trust deed—to show that usurious interest was reserved in respect of the debt secured by the trust deed, and paid to a sufficient amount to extinguish the debt so far as there was any legal claim.

4. WITNESS—*competency—party as a witness—capacity in which plaintiff sues.* The trustee appointed in a deed of trust given to secure a debt in favor of another person, brought ejectment for the premises conveyed, assuming to sue "for the use of the executor" of the payee of the debt, who had died. It was held it could not properly be alleged that the plaintiff sued as trustee "of the heirs, devisees and legatees" of the payee of the debt, or for the "use of the executor," in any such sense as would render the defendant—the grantor in the trust deed—incompetent as a witness in his own behalf. In such case it must be regarded that the plaintiff sues in his own right, as holding the legal title to the property, and it is not to be considered who may be equitably interested in the estate.

5. Moreover, there was no evidence that there were any "heirs, devisees or legatees" of the deceased payee, so it did not appear the trustee held any fiduciary character in respect to such persons; and suing for the "use of the executor" does not bring the case within any of the exceptions in the statute affecting the competency of parties to the suit and interested in the event thereof to testify in their own behalf.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Mr. WM. W. BERRY, for the appellant:

This was a proceeding to eject Henrietta Mester, the widow of Carl Mester, from her homestead. Carl Mester, the husband of the defendant, on the 6th day of February, 1868, executed a deed of trust to secure a note in the sum of $300, payable to one Zimmerman. Both Mester and Zimmerman died in the year 1876, and the trustee, Hauser, brings this suit for the use of Zimmerman's executor. The defendant joined her husband in the execution of this deed.

The evidence relied upon by the plaintiff, and admitted in evidence against the objections of the defendant, were the deed of trust and the note.

The objections to the deed are fundamental:

1. Because no right of entry is contemplated under it or provided for in it, but simply the exercise of a naked power. Though the grant in fee may be found in terms in the instrument, it is by subsequent language so effectually qualified, that it is manifest they were only employed to enable the party clothed with the power to exercise it. The phraseology is that found in the ordinary forms of deeds of trust. In the event of default in the payment of the debt, the trustee is authorized, not to enter, but to sell and convey, and after paying the debt to hand over the balance to the maker of the deed. He is trustee not merely for the holder of the note, but for the grantor also. What a perversion of the trust, then, would it be to seize the entire estate and transfer it wholly to one of the beneficiaries to the exclusion of the other.

2. Whatever the trustee might have done in the exercise of his office during the life of the grantor, his functions by operation of law (Rev. Stat.. ch. 95, sec. 13,) were absolutely extinguished at the grantor's death.

3. Had a stranger been the defendant, the mere introduction of this deed of trust would not have entitled the plaintiff to a verdict; the relation of the defendant to the instrument was simply as a releaser of dower and homestead rights,

and not at all as a party directly connected with the title, and, therefore, to have recovered against her, the same strictness of proof as to title should have been required as there would have been had the suit been against a stranger.

The defence relied upon was that the debt was discharged; that the loan for which the note was given was at an usurious rate of interest, and that sufficient usurious interest had been paid to amount to the principal of the note, except as to $14.40, which sum had been tendered before the commencement of this suit to Mrs. Hunnerwadel, the holder of the note, who was the daughter of the payee, and to whom it was transferred by the payee's executor, the party for whose use this action is brought.

As to the proof of the usurious contract, Mrs. Mester was offered as a witness to testify that she was present when the loan was made; that the rate of interest agreed upon was twelve per cent, and that two per cent for the first year was deducted, her husband receiving only $294 instead of $300; and that she herself had paid the interest for most of the time between the date of the note and February, 1876, at the rate of $36 per year. This evidence was excluded, because the payee in the note was dead, though according to the theory of the prosecution the title was in Damon Hauser, the real plaintiff in this proceeding.

The witness was clearly competent, and her testimony should have been admitted.

Messrs. ARNTZEN & MOORE, for the appellee:

1. The legal title is in the trustee of a trust deed, and he may maintain ejectment. *Johnson* v. *Houston*, 47 Mo. 230; *Reece* v. *Allen*, 5 Gilm. 241, and cases cited; Adams on Eject. 33; 2 Wash. on Real Property, 207; Tiffany & Bullard on Trustees, 811; 1 Wash. on Real Property, 389; 1 Chitty Pl. 189.

2. That the legal title was in the trustee has been held in the following cases: *Farrar* v. *Payne*, 73 Ill. 90; *Vallette* v.

*Bennett,* 69 id. 632; *Dawson* v. *Hayden,* 67 id. 54; *Graham* v. *Anderson,* 42 id. 517.

3. That a mortgagee may bring ejectment has been held in the following cases: *Vanzant* v. *Allmon,* 23 Ill. 33; *Carroll* v. *Ballance,* 26 id. 17; *Delahay* v. *Clement,* 3 Scam. 202; *Edington* v. *Hefner,* 81 Ill. 342; *Kilgour* v. *Gackling,* 83 id. 109; *Oldham* v. *Peleger,* 84 id. 102; *Johnson* v. *Watson,* 87 id. 540, 541. And there seems to us to be no reason why a trustee can not maintain ejectment as well as a mortgagee.

4. The legal title being in the trustee, it ought to prevail as against the equitable defence sought to be interposed in this case.

The remedy of the defendants, if they had any, was in equity, and was not available in an action at law.

The trust deed was to be void only upon the payment of the principal and interest according to the terms of the trust deed, a condition which has not happened, and therefore the legal title still remains in the trustee, which can only be divested by a reconveyance or by a proceeding in equity for that purpose. *Vallette* v. *Bennett,* 69 Ill. 632.

5. The evidence of Mrs. Mester, offered to prove a usurious contract, was properly excluded by the court. The witness was the defendant in the action and interested therein, and the plaintiff sued as trustee of the heirs, devisees and legatees of Charles A. W. Zimmerman, deceased, the payee in said note read in evidence, and also sued for the use of the executor of said Charles A. W. Zimmerman, deceased, who died prior to the commencement of this suit, and therefore the witness is incompetent to prove these facts.

The suit is brought for the use of the executor of Charles A. W. Zimmerman, deceased, which executor is the beneficial plaintiff, and therefore entitled to the protection of the statute. Rev. Stat, 488, sec. 2; *Boynton* v. *Phelps,* 52 Ill. 210.

The plaintiff is the trustee of the heirs, legatees and devisees of Charles A. W. Zimmerman, deceased.

The evidence was offered to prove a contract made with

Charles A. W. Zimmerman in his lifetime, who is now dead and can not contradict the witness, thus bringing the case within the spirit and meaning of the statute excluding the evidence. "The statute intends, in allowing a party to be a witness, that it shall be in cases only where both parties are upon equal ground." *Langley* v. *Dodsworth,* 81 Ill. 87; *Merrill* v. *Atkin,* 59 id. 20, 21.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of ejectment, brought by Damon Hauser against Henrietta Mester, to recover possession of the premises described in the declaration. The only evidence offered by plaintiff of title in himself was a trust deed made by Carl Mester, since deceased, in which defendant, then his wife, joined in its execution for the purpose of releasing her homestead and dower, and by which trust deed the premises were conveyed to plaintiff to secure a note made payable to Charles A. W. Zimmerman for $300, with interest at 10 per cent per annum. The payee of the note has since died, and this suit purports to have been brought for the use of his executor, but that is a matter of no consequence. If a plaintiff recovers in an action of ejectment, it must be on the strength of his own title to the premises and not upon any equities another party may have in the subject of the litigation.

On the trial defendant offered to prove by her own testimony that in the loan which her husband secured from Zimmerman, interest was reserved at the rate of 12 per cent per annum, which her husband agreed to pay, and that at the time of the making of the note for $300 Zimmerman let him have but $294, the other six dollars being retained as the 2 per cent extra interest above the rate named in the note, and that interest was in fact paid on the note at the rate of 12 per cent per annum for the several years ending February, 1869, 1870, 1874, 1875 and 1876, by defendant, with money furnished by her husband, viz: $36 for each year named. The

evidence offered was rejected by the court on objection made by plaintiff, and that decision, we think, was error.

If plaintiff can recover at all under the trust deed in evidence, it must be upon the same principle a mortgagee could recover the mortgaged premises, viz: as a mode of obtaining satisfaction of the indebtedness secured. Should it be made to appear the indebtedness secured was fully paid or in any way barred or discharged, it is apprehended the right of entry as for condition broken would also be barred. The evidence tendered, if admissible, was to show the debt secured by the trust deed was fully paid, at least all that could be legally collected. The objection is not so much to the evidence as to the competency of defendant to testify on her own behalf, and the reason assigned is, that witness is defendant in the action and is interested therein, and that plaintiff sues as trustee "of the heirs, devisees and legatees" of the payee of the note secured by the trust deed and for the "use of the executor." The objection can not be maintained. Plaintiff sues in his own right as holding the legal title to the property, and it is not a matter that can be considered in this action who may be equitably interested in the estate. There is evidence the payee of the note secured is dead, but there is not a particle of evidence he left "any heir, devisee or legatee." It will be observed plaintiff sues for the "use of the executor," and that is not within any clause of the statute that renders the adverse party incompetent to testify in her own behalf on account of his interest in the subject matter of the suit. The exceptions are where the "adverse party sues or defends as the trustee or conservator of any idiot, habitual drunkard, lunatic or distracted person, or as the executor, administrator, heir, legatee or devisee of any deceased person, or as the guardian or trustee of any such heir, legatee or devisee." It is not claimed plaintiff sues in any capacity mentioned in the first or second clauses of the section of the statute cited, nor can it be said he sues as guardian or trustee of any "heir, legatee or devisee," for there is no evidence the deceased payee

of the note, if the action was on it, left any "heir, legatee or devisee." There is, therefore, no reason why defendant was not a competent witness in her own behalf as to matters about which she offered to testify, notwithstanding her interest in the subject of the litigation.

Whether defendant made a tender of the balance she alleges was due on the note, is a question of fact that must be left to the finding of the court below. At most it is a matter that affects the costs and not the merits of the action.

On account of the error of the court in excluding the testimony offered by defendant, the judgment will be reversed and the cause remanded.

*Judgment reversed.*