JULIUS H. STEVENS, Receiver, *et al.*

*v.*

ABRAM H. HADFIELD.

*Opinion filed February 17, 1899—Rehearing denied April 6, 1899.*

1. RECEIVERS—*receiver cannot appeal from order directing to whom he shall pay surplus.* A receiver for rents and profits in foreclosure may appeal from an order of court passing upon his entire account and disallowing certain payments, but cannot appeal from a subsequent order directing to whom he shall pay the surplus.

2. SAME—*mortgages—owners of equity of redemption entitled to balance of rents and profits.* As against the purchaser at foreclosure, the holder of the equity of redemption is entitled to rents and profits collected during the period for redemption, which remain in the receiver's hands after paying the deficiency decree and other items allowed by the court.

*Stevens* v. *Hadfield,* 76 Ill. App. 420, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

On June 15, 1894, a bill was filed by William Fleming and others against John J. Shutterly and others to foreclose a trust deed upon certain improved property in Cook county. Appellee was the owner of the equity of redemption and was made a party defendant. An order was entered in the cause appointing appellant Julius H. Stevens receiver of the premises, with the usual powers of receivers in such cases. A decree of sale was entered on November 13, 1895, and the premises were sold. There was a deficiency and a decree for the same. Appellant Charles B. Eggleston purchased at the foreclosure sale, and after the period of redemption received a deed. The receiver remained in possession and collected rents during the period of redemption. There were two other encumbrances evidenced by trust deeds upon the property, one prior and one subsequent to the trust deed upon

which suit was brought. The third trust deed secured an indebtedness due F. P. Burgett, and on February 25, 1896, a bill was filed by him, which was consolidated with this cause. An intervening petition was filed by Eggleston on October 20; 1896, setting up that he had purchased the premises at master's sale; that the receiver had made his report on April 20, 1896, showing disbursements of $3735.54; that objections were filed to the report by Burgett and Hadfield; that Hadfield had purchased the premises, and as part of the purchase he assumed and agreed to pay the various encumbrances thereon; that any sums paid by the receiver upon interest due on the first mortgage, if held by the court to have been improperly paid, should be ordered paid to petitioner and not to Hadfield, and praying that the petition be referred to the master in chancery, to whom the receiver's accounts and reports had been referred. The petition was so referred, and on March 5, 1896, the master made his report, in which he states that a warranty deed was introduced in evidence, dated March 1, 1894, from Shutterly to Hadfield, conveying the premises in question, subject to an encumbrance of $20,000 secured by trust deed to Aaron B. Mead, and another encumbrance for $3600 secured by trust deed to Nathaniel M. Jones, which encumbrances said Hadfield assumed and agreed to pay.

Exceptions were filed to the master's report by the receiver, Stevens, and Hadfield and Burgett, and upon the hearing of the exceptions an order was entered by the court on April 5, 1897, approving the receiver's account in part, allowing some of the items of disbursement and disallowing others. The order concludes as follows: "The court further finds that the total sum collected by the receiver as the revenue from said premises is the sum of $3421.76. Deducting above payments allowed leaves balance of $1882.16. It is further ordered that the above balance of $1882.16 be held for the further consideration of the court." Afterwards, on May 25, 1897, Hadfield,

appellee, filed his petition in said cause, setting forth that he was the owner of the equity of redemption from the time of the foreclosure until the expiration of the period of redemption; that the deficiency had been paid and the deficiency decree satisfied, and praying that the receiver be ordered to pay the petitioner the balance which had been found by the court on April 5, 1897, to be in his hands. Stevens, the receiver, and Fleming, answered the petition. The substance of the answers was to re-assert the propriety of the receiver's disbursements which had been passed upon and disallowed by the order of April 5, 1897.

On September 3, 1897, the court entered an order finding that Hadfield was the owner of the equity of redemption, and as such entitled to the balance of rents and profits, and directing that the balance in the hands of the receiver be paid to Hadfield, less $50 allowed for costs of this proceeding. From that order, Stevens, the receiver, and Eggleston, the purchaser at the foreclosure sale, appealed to the Appellate Court, where the judgment was affirmed, to reverse which they have appealed to this court.

N. M. JONES, for appellants.

B. W. ELLIS, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It will be observed that in the order or judgment of April 5, 1897, the entire account of the receiver as to all moneys received and paid out was considered and passed upon by the court, and that after charging him with all moneys received and allowing him for all moneys properly paid out the court found that he had a balance of $1882.16 in his hands, to be paid out as the court might thereafter direct. So far as the receiver was concerned this was a final adjudication and would be conclusive on him unless he appealed or sued out a writ of error. But

no appeal was taken or writ of error sued out. To whom the court should ultimately order the balance in the receiver's hands paid was a matter of no consequence to him. He therefore cannot complain of the judgment of September 3, 1897, from which he appealed.

The only remaining question to be considered is whether the judgment of September 3, 1897, in which the court determined that the balance in the hands of the receiver should be paid to Hadfield, was erroneous as to the purchaser at the foreclosure sale, Chas. B. Eggleston. As a general rule, the mortgagor or owner of the equity of redemption, where there is no deficiency, is entitled to the possession of the premises, and to receive the rents, issues and profits, after the sale on foreclosure, until the time of redemption expires. (*Davis* v. *Dale*, 150 Ill. 239.) Here, Hadfield was the owner of the equity of redemption. At the foreclosure sale the mortgaged premises were sold for the entire amount of the mortgage debt and costs, except $227.54, for which a deficiency judgment was rendered. This deficiency judgment had been paid by the receiver, and he was credited for the amount in the judgment of April 5, 1897. Whatever amount of rents, therefore, was left in the hands of the receiver after the payment of the deficiency judgment, and such other disbursements as the court allowed in its judgment of April 5, 1897, properly belonged to Hadfield, as owner of the equity of redemption. The appellant Eggleston, the purchaser at the foreclosure sale, had no claim to the rents by virtue of his purchase. He purchased the property subject to all prior encumbrances upon it. He knew, or was bound to know, that his purchase would not ripen into a title until the expiration of fifteen months from the date of sale, and that during that period the owner of the equity of redemption was entitled to the possession and rents of the premises.

Some importance seems to be placed on the fact that Hadfield, in his purchase of the premises, had assumed

and agreed to pay the mortgage debt in question, and also a prior mortgage on the premises of $20,000, running to Aaron B. Mead, trustee. If the holder of the prior mortgage had intervened in the foreclosure proceeding and prayed for any relief as against Hadfield, who had assumed the payment of the prior mortgage, the position of counsel might be regarded as plausible. But such was not the case. The holder of the prior mortgage has asked no relief nor is he here complaining of the judgment rendered by the court, and the purchaser at the mortgage sale cannot complain for him. Whatever liability Hadfield may have assumed as purchaser of the equity of redemption of the premises in question may be enforced in an appropriate action, but we perceive no ground upon which appellants can call in question that liability in this proceeding.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*