## Henry B. Cram et al., Appellees, v. Elsie Waddell et al., Appellants.

### Gen. No. 15,997.

1. REDEMPTION—*who entitled to rents and profits during running of period of.* The owner of the equity of redemption is entitled to the rents and profits of premises foreclosed until the expiration of the time of redemption.

2. RES JUDICATA—*when right to rents and profits not determined.* In a foreclosure proceeding where the contest was as to the right to a decree of foreclosure the question of the right to rents and profits arising after sale is not necessarily determined.

3. RES JUDICATA—*limitation of general rule.* While the principle of *res judicata* embraces not only what has actually been determined in a former case but also extends to any other matter properly involved and which might have been raised and determined in it, yet this rule is not applied where the question urged as impliedly adjudicated was made the basis of an order in the principal case and not in a separate and independent proceeding.

4. COSTS—*taxation of, in chancery.* The taxation of costs in chancery cases is ordinarily in the discretion of the chancellor and the exercise of such discretion will not be set aside on appeal in the absence of a showing that it has been abused.

Cram v. Waddell, 167 Ill. App. 44.

Foreclosure. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 13, 1911. Rehearing denied January 18, 1912.

JOHN R. O'CONNOR, for appellant, Jacob Glos.

HERMAN W. STILLMAN, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

September 15, 1904, Henry B. Cram and James C. Hamlen, trustees, etc., filed their bill in the Superior Court to foreclose a trust deed for $3,000 on lot 2 of a certain subdivision in the city of Chicago, executed by William G. Waddell, and Rosalie Selfridge and Jacob Glos were made parties defendant to said bill, under the general averment that they had or claimed to have some interest in the premises, which interest, if any, had accrued since, and was subject to, the rights of the complainants under and by virtue of said trust deed. With certain other defendants to said bill, Rosalie Selfridge joined in an answer neither admitting nor denying the material allegations of the bill, but calling for strict proof of the same. The defendant Glos filed his answer to said bill, wherein he denied that "complainant" was the owner of the premises, and averred that he was the owner thereof; denied all the material allegations of the bill, and averred that the cause of action, if any existed, did not accrue within ten years. Said answer further averred that said premises were, on August 25, 1903, by virtue of a certain pluries writ of execution against said Waddell, sold at public vendue by the sheriff of Cook county to said defendant, to whom a sheriff's certificate of sale therefor, and thereafter a sheriff's deed, were issued; that by reason thereof defendant acquired a good and valid fee simple title to said premises. Upon replications

being filed to said answers the cause was referred to a master, who, after taking the evidence submitted by the respective parties, filed his report, wherein he found that the complainants were entitled to a decree of foreclosure in accordance with the prayer of their bill.

As to the claim of the defendant Glos, the master found that he was seized and possessed of the right, title and interest in said premises acquired by him under and by virtue of a sale thereof under execution and sheriff's deed, and then held the same subject to the prior lien of the trust deed. The master made no finding relative to the interest in said premises of the defendant, Rosalie Selfridge. The decree of foreclosure was entered June 16, 1905, and provided for a sale of the premises in accordance with the prayer of the bill. No reference is made in the decree to any right or interest of either the defendants, Rosalie Selfridge or Glos, in the premises, but the master is thereby directed to hold the surplus, if any, realized from the sale of the premises, subject to the further order of the court.

The record discloses that on November 24, 1896, being more than seven years prior to the filing of the bill in this proceeding, a decree for foreclosure was entered in the Superior Court in a proceeding then there pending to foreclose a junior trust deed on the same premises; that at a sale of said premises had in pursuance to said decree on December 21, 1896, the same were sold to one Rose, who assigned the master's certificate of purchase to Rosalie Selfridge, to whom the master, on February 3, 1903, executed his master's deed therefor; said deed being expressly made subject to the prior lien of the trust deed involved in the present proceedings. The record further discloses that, acting under the decree of June 16, 1905, the master sold said premises on September 1, 1905, to the com-

plainants for an amount sufficient to pay the sum found due thereon, with interest, costs and expenses of sale. It further appears from the record that during the pendency of the present foreclosure proceedings one Knott was appointed by the court as receiver to collect the rents, issues and profits of the premises, and that he in fact acted as such receiver until January 30, 1908, when, upon the petition of Rose B. Selfridge (being the same person heretofore designated as Rosalie Selfridge), setting forth that she was the owner in fee of said premises, subject to the lien of the trust deed described in the bill of complaint, and therefore entitled to any funds in the hands of said receiver, he filed his final report, wherein he showed a balance on hand of $573.89, which amount he was directed by the court to pay to said Rose B. Selfridge, unless objections should be filed within five days. Within the time limited, the defendant, Glos, filed objections to said report, to the approval thereof, and to the order directing the payment of said fund to the said petitioner. The defendant, Glos, also filed his answer to the said petition, denying the right of the petitioner to said fund, and asserting his right thereto under and by virtue of the sheriff's deed to him of the premises involved. Upon replication filed to said answer, a reference was ordered to the master to take the evidence as to the ownership of the fund in the hands of the receiver, and return the same, together with his findings of fact and law, to the court. Thereafter the master filed his report, wherein he found that the petitioner, Rose B. Selfridge, was entitled to said fund as against Glos, by reason of her priority in the equity of redemption during the time of the receivership and previously. The objections filed by Glos to said master's report were overruled by the chancellor and a decree entered, directing the receiver to pay said fund

to the petitioner, Rose B. Selfridge, and taxing the costs of such reference to Glos.

This appeal is prosecuted by Glos to reverse such decree.

That the owner of the equity of redemption is entitled to the rents and profits of the premises, until the expiration of the time of redemption, admits of no doubt. Davis v. Dale, 150 Ill. 239; Stevens v. Hadfield, 178 Ill. 532; Standish v. Musgrove, 223 Ill. 500; Ruprecht v. Muhlke, 225 Ill. 188.

While appellant of necessity substantially concedes that appellee, as a matter of fact, was the owner of the equity of redemption, he insists that, as she failed to set up her rights by answer to the bill, or to establish them by proof upon the first reference to the master, she has had her day in court, and her lien on the premises was cut off by the decree of foreclosure.

The record does not wholly sustain such insistence. There was no controversy between appellee and the complainant in the foreclosure proceedings as to their relative rights, and there was then no fund known to be in the hands of the receiver, as rents and profits of the premises. Appellant, on the other hand, was resisting the right of the complainant to a decree for foreclosure. There was, however, no finding by the master that appellant was the owner of the equity of redemption, and the rights of the appellant, if any, are not even mentioned in the decree, much less adjudicated and determined. The decree does not pretend to settle any conflicting interests between appellant and appellee, as to any surplus arising from the master's sale, or as to any fund in the hands of the receiver, but simply provides that, if a surplus arises from the sale by the master, he shall hold the same subject to the further order of the court. If the decree of foreclosure and sale had adjudicated the respective rights

of appellant and appellee, a different question would be presented.

True, as has been said, the principle of *res judicata* embraces not only what has actually been determined in a former case, but also extends to any other matter properly involved, and which might have been raised and determined in it (South Park Com's. v. Ward, 248 Ill. 299), but this doctrine is wholly inapplicable here, because the order from which this appeal is prosecuted was entered in the principal case, and not in a separate and independent proceeding, in which it was sought to litigate the right to the fund in question.

It was established beyond question that appellee and not appellant was the owner of the equity of redemption of the foreclosed premises, and thus entitled to the funds in controversy, and the decree directing the receiver to pay such funds to appellee was right.

The taxing of costs in chancery cases is ordinarily in the discretion of the chancellor, and the exercise of such discretion will not be set aside on appeal in the absence of a showing that such discretion has been abused. Carroll v. Tomlinson, 192 Ill. 398. There is no such showing here, and the decree is affirmed.

*Decree affirmed.*