Edward A. Nixon, Appellant, v. The Unity Company et al., Appellees.

### Gen. No. 17,455.

MORTGAGES—*taxes and ground rents.* An intervening petition by the assignee of the purchaser at foreclosure, praying that taxes due

on the property during the period of redemption and ground rent due for a portion of that time be paid out of money claimed by the owner of equity of redemption in the hands of receiver from rents and profits after paying the deficiency decree and other items allowed by the court, is properly dismissed for want of equity.

Appeal from the Circuit Court of Cook county; the HON. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed December 19, 1912.

DARROW, MASTERS & BAILY, for appellant.

ROGERS & MAHONEY and CHILTON P. WILSON, for appellee, Unity Company; ELBRIDGE HANECY, of counsel.

WILSON, MOORE & McILVAINE, for Edward T. Davis et al., appellees.

ISHAM, LINCOLN & BEALE, for appellee, R. Hall McCormick.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On November 26, 1910, the circuit court of Cook county, after a hearing, dismissed for want of equity the intervening petition of Edward A. Nixon, appellant, filed in the case of R. Hall McCormick, trustee, against the Unity Company et al., and appellant seeks by this appeal to reverse that decree. After the transcript of the record had been filed in this court, appellees here made a motion to strike the certificate of evidence from the transcript and the motion was reserved to the hearing. Inasmuch as we have reached the conclusion (treating the certificate of evidence as being properly before us) that the decree of the circuit court should be affirmed, we deem it unnecessary to pass upon appellees' motion.

The original proceeding in which said intervening petition was filed was a foreclosure suit instituted by the appellee, McCormick, as complainant, against The

Unity Company and others to foreclose a trust deed, dated January 1, 1895, given by The Unity Company to secure an issue of its corporate bonds. The property covered by this trust deed is a 99-year leasehold of the Unity Building, Chicago, and the ground upon which the building stands. The lease provided for a yearly rental of $18,000, payable in quarterly installments of $4,500 each on the last days of July, October, January and April, and that the lessor might enforce a forfeiture of the lease upon six months' default in the payment of rent. As a result of this proceeding a decree of foreclosure and sale was entered June 3, 1907, and a master's sale of the premises was had on June 2, 1909, at which sale McCormick purchased the premises and obtained a master's certificate of sale. This certificate was subsequently and before the expiration of the period of redemption sold and assigned by McCormick to appellant, Edward A. Nixon. The price for which the premises sold was less than the full amount of the debt secured, and on June 14, 1909, a deficiency decree was rendered in favor of McCormick in the sum of about $161,000. After the filing of the bill to foreclose, a receiver was appointed March 16, 1905, and he was authorized to collect the rents and profits of the building, to manage the building, to insure the same, and to pay the water rates, taxes, assessments and ground rent as the same from time to time might mature. As such receiver he paid the ground rent, taxes, etc., due and payable prior to the date the premises were sold on June 2, 1909. By order of court, entered June 14, 1909, the receivership was continued, and the receiver retained the same powers, etc., as were conferred upon him by the original order appointing him, except that he was directed not to pay any general or special taxes levied or to be levied on the premises unless thereafter ordered by the court so to do. He paid all installments of ground rent that fell due prior to September 2, 1910 (the date of the expiration of the period of re-

demption), including the quarterly installment due July 31, 1910, and made two partial payments upon the deficiency decree of McCormick, which left a balance still due said McCormick, May 14, 1910, upon such decree of about $18,000. The receiver's final report showed that on November 15, 1910, he had in his hands over $38,000. No redemption of the premises was made and after the expiration of the period of redemption, Nixon, as the holder of the certificate assigned to him by McCormick, received a master's deed of the premises, dated September 3, 1910.

On September 20, 1910, Nixon filed his intervening petition in which he alleged that by said trust deed The Unity Company had covenanted to pay all taxes and assessments levied against the property; that the taxes assessed for the year 1909 and due in April, 1910, amounting to about $12,000, had not been paid; that the ground rent under said lease from August 1, 1910, to September 2, 1910, had not been paid, and that as the annual rental was $18,000 per year there was due for said period one-twelfth of said sum for rent; that the receiver had in his hands more than $30,000; that of this sum McCormick claimed about $18,000 as the amount due him on his deficiency decree; that The Unity Company claimed that the balance of said sum, after paying to McCormick the amount of said deficiency, should be paid to it, and that certain creditors of The Unity Company contended that their claims should be paid by the receiver out of said sum. The petition prayed that the court direct that the following payments be made for petitioner's benefit out of the moneys in the receiver's hands, viz.: (1) The taxes upon the premises for the year 1909, payable in 1910, amounting to about $12,000, (2) a proportionate part of the taxes for the year 1910, embraced in the period between April 1, 1910, and September 2, 1910 (date of expiration of period of redemption), and (3) a proportionate part of the ground rent, payable under the lease, represented by the period be-

tween August 1, 1910, and September 2, 1910. Answers were filed to the petition and, as before stated, after a hearing the court denied the relief prayed for and entered a decree dismissing the petition for want of equity. This action of the court is assigned as error.

After a careful consideration of the points made by counsel for appellant in their brief and argument we are of the opinion that the court did not err in dismissing the intervening petition. We think that the following cases decided by our supreme court clearly show that appellant was not entitled to the relief sought. Stevens v. Hadfield, 178 Ill. 532; Haigh v. Carroll, 209 Ill. 576; Schaeppi v. Bartholomae, 217 Ill. 105; Standish v. Musgrove, 223 Ill. 500. The decree will therefore be affirmed.

*Affirmed.*