## Simon J. Straus, Appellee, v. William T. Bracken and John E. McCarty et al. John E. McCarty, Appellant.

### Gen. No. 7,978.

1. APPEAL AND ERROR—*when failure to appeal from decree in foreclosure will not preclude appeal from subsequent order directing disposition of rents and profits during period for redemption.* The owner of the equity of redemption is not precluded to appeal from a judgment directing application of the rents, issues and profits of the premises to a deficiency judgment against the mortgagor by reason of the fact that no appeal was taken from the decree of foreclosure which approved the master's report containing a finding that a lien was created against such rents, etc., where the decree expressly reserved for later disposition the question as to the disposition of such rents, etc.

2. FORECLOSURE OF MORTGAGES—*right of owner of equity of redemption to rents and profits during period for redemption.* The owner of the equity of redemption is entitled to the rents and profits of the premises, until expiration of the time for redemption, unless there is a deficiency in the judgment of the mortgage debt and the mortgagee has and takes steps to enforce a right to subject such rents, etc., to the payment of his indebtedness.

3. MORTGAGES—*when provisions construed as equivalent to pledge of rents and profits to payment of mortgage debt.* Where a mortgage provides that in case the mortgagors shall violate any of the agreements the indebtedness shall become due and payable at the option of the mortgagee or his assigns, and he or they from that date shall have the right to take possession of the premises and collect the rents and profits thereof and apply the same upon the indebtedness secured until it is fully paid, without prejudice to the right to foreclose, and further provides, upon a decree of foreclosure, for the appointment of a receiver to take charge of the real estate and collect the rents and profits thereof, the effect of such provisions is to pledge the rents, etc., to the payment of the mortgage debt.

4. MORTGAGES—*effect of invalidity of provision declaring rents and profits during period of redemption to be property of purchaser on foreclosure sale.* A provision in a mortgage that during the period of redemption the rents, issues and profits of the premises shall be the property of the purchaser of the property at the sale on foreclosure thereof, while inoperative and void, does not affect the validity of the other provisions of the mortgage.

5. FORECLOSURE OF MORTGAGES—*when mortgagee holding deficiency judgment had superior right to rents and profits of premises during period for redemption.* Where premises are sold on foreclosure of a mortgage containing provisions the effect of which is to pledge the rents, issues and profits of the premises to the payment of the mortgage debt, and the mortgagee recovers a deficiency judgment against the mortgagor, such mortgagee has a right to the rents, issues and profits aforesaid superior to that of the owner of the equity of redemption of the premises, during the period of redemption, notwithstanding the deficiency judgment is not binding upon such owner of the equity of redemption, since his rights spring from, and can be no greater than, the rights of the mortgagor.

Appeal by defendant from the Circuit Court of Hancock county; the Hon. GEORGE C. HILLYER, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed July 1, 1926. Rehearing denied October 28, 1926.

HARTZELL, CAVANAGH & MARTIN, for appellant.

O'HARRA, O'HARRA & O'HARRA, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

The question is raised in this case as to the right of the mortgagee or the owner of the equity of redemption in lands, not liable personally for the mortgage debt, to the rents, issues and profits from the lands during the redemption period. William T. Bracken and Lillie Bracken, his wife, executed their notes and two mortgages upon the lands in question on March 1, 1918. On August 8, 1919, William T. Bracken, then a widower, conveyed the lands to Judson W. Byers, who assumed and agreed to pay the mortgage debts as a part of the purchase price. William T. Bracken and Judson W. Byers, at the time of foreclosure, were nonresidents of the State of Illinois and could not be made parties to the deficiency judgment. On February 11, 1922, Judson W. Byers and his wife conveyed the lands to Walter Lung and his wife, who assumed and agreed to pay the mortgage

debts, by the terms of the deed, as a part of the purchase price. On May 22, 1923, Walter Lung and his wife conveyed the lands to appellant, John E. McCarty, subject to the mortgages, but appellant did not assume the payment of the mortgages and appellant is now the owner of record of the equity of redemption in said lands. There being a default in the payment of said mortgage indebtedness, appellee filed his bill to foreclose on September 12, 1923. Answers were filed by said Walter Lung and Marie Lung, his wife, and by appellant McCarty. There was a decree of foreclosure entered in said cause on October 23, 1923, finding the amount of the indebtedness; that the land was scant security for the amount of the indebtedness and decreeing foreclosure.

Appellant McCarty had leased the lands to Walter Lung, the former owner, on shares and there was corn growing upon the lands at the time of foreclosure. The decree provided for the appointment of a receiver to collect the rents, issues and profits and the disposition of all moneys received by the receiver was reserved by the court for a hearing under the terms of the mortgages on the coming in of the receiver's report. Certificates were issued and the lands not having been redeemed a sale was had, in accordance with the terms of the decree, on February 14, 1925, which was approved and a deficiency judgment entered against the defendant, said Walter Lung, on the 18th day of March, 1925, for the sum of $1,279.39, the complainant, appellee, having become the purchaser of said lands at the sale. On October 15, 1925, the receiver filed his report in court showing the receipt of $602.80 for one-half of the crop of corn growing upon said lands in September and October, 1923, at the time the bill was filed and decree entered, and further sums for rent of the lands during 1924 under a lease he had made with the defendant Lung. The receiver had paid the taxes and insurance, leaving a balance in his

hands of $1,212.89, out of which it was stipulated that the receiver should pay certain bills for repairs, amounting to $192.01, and his commissions, $100, leaving a balance of $920.88 in controversy in this case.

It was further stipulated that the defendant Walter Lung, against whom the deficiency judgment was entered, was at the time and had continued to be insolvent. Neither of said mortgages in so many words pledged the rents, issues and profits as security, but each mortgage contained the following provision: "That if the mortgagors shall violate any of the agreements herein contained, or if any representation made by the mortgagors is untrue, then, or in either event, all of the indebtedness herein secured shall thereupon, or at any time thereafter, become due and payable at the option of the mortgagee or his assigns, and this mortgage may be foreclosed accordingly; and the mortgagee or his assigns shall, from the date of any such default, have the right to take possession of said premises and collect the rents and profits thereof and apply the same to the indebtedness hereby secured until the same is fully paid, without prejudice to its or their right to foreclose this mortgage; and the court awarding the decree of foreclosure is authorized and empowered to appoint a receiver to take charge of said real estate, and to receive and collect the rents and profits thereof, and if said real estate be not redeemed, then such rents and profits shall be paid to the holder of the certificate of purchase on the sale made under the decree of foreclosure of this mortgage."

Appellee moved the court to distribute the fund in the receiver's hands to apply upon appellee's deficiency judgment. Appellant, upon the theory that the latter part of said clause in the mortgages providing that the rents and profits shall be paid to "the holder of the certificate of purchase on the sale made under the decree of foreclosure" is inoperative, moved the

court to distribute said fund to appellant as the owner of the equity of redemption, entitled to the rents, issues and profits during the period of redemption. The court ordered the fund distributed to appellee and appellant has appealed.

It is insisted by appellee that in the decree, the master's report, which contained a finding that a lien was created on the rents, issues and profits by the terms of the mortgages was approved, and that there has been no appeal from the decree and for that reason it is too late for appellant to raise the question as to his rights under the decree. The answer to that contention is that the decree specially provided that the receiver should hold the funds acquired by him after the payment of taxes and any ordinary repairs until the further order of the court, and that the disposition of such moneys, under the terms of said mortgages, was reserved for further determination. Appellant contends that the provision in the mortgages does not amount to a pledge or mortgage of the rents, issues and profits of the land, and we shall discuss that question in the opinion. Appellant further contends that when there is no deficiency judgment against the owner of the equity of redemption and the mortgage does not pledge or mortgage the rents, issues and profits for the payment of the indebtedness, the owner of the equity of redemption is entitled to the possession of the lands and rents, issues and profits thereof during the period of redemption. Appellant cites a case, *Cram v. Waddell,* 167 Ill. App. 44, where upon a sale there was a surplus and not a deficiency, and two parties were claiming to be the owner of the equity of redemption, and the court held: "That the owner of the equity of redemption is entitled to the rents and profits of the premises, until the expiration of the time of redemption, admits of no doubt. *Davis v. Dale,* 150 Ill. 239; *Stevens v. Hadfield,* 178 Ill. 532; *Standish v. Musgrove,* 223 Ill. 500; *Ruprecht v. Muhlke,* 225 Ill. 188."

Of course, that is the general rule unless there is a deficiency in the judgment of the mortgage debt and the mortgagee is entitled to and takes steps to subject the rents to the payment of his indebtedness.

In *Standish v. Musgrove, supra,* and also in *Schaeppi v. Bartholomae,* 217 Ill. 105, the court had before it the disposition of the funds in a receiver's hands from rents, issues and profits where the contention was between the purchaser at the foreclosure sale and the owner of the equity of redemption, and in both cases the court held that the provisions of the mortgage that the rents, issues and profits during the period of redemption should be turned over to the holder of the certificate, or purchaser, at the sale was inoperative and void. In *Schaeppi v. Bartholomae, supra,* it appears affirmatively that the holder of the deficiency judgment waived his claim, and in *Standish v. Musgrove, supra,* it appears that the holder of the deficiency judgment made no claim. *Haigh v. Carroll,* 209 Ill. 580, is cited, but in that case on the foreclosure sale the lands brought the full amount of the mortgage debt, interest and costs, and it throws no light upon the question before us. We fail to find any case where the Supreme Court has had before it the issues and equities between the holder of the mortgage indebtedness merged in a deficiency judgment on the one hand and the owner of the equity of redemption upon the other. But from the discussions in *Schaeppi v. Bartholomae, supra,* and *Standish v. Musgrove, supra,* there have arisen a variety of opinions in the Appellate Courts. In *Baldwin v. Tuttle,* 215 Ill. App. 57, upon a state of facts very similar to the case at bar, the court held that the holder of the deficiency judgment was not entitled to the rents and profits, and that similar language used in the mortgage, except as to payment to the purchaser, did not effect a pledge or mortgage of the rents and profits. In *Wright v. Matters,* 220 Ill. App. 131, on the authority of *First Nat.*

*Bank of Joliet v. Illinois Steel Co.,* 174 Ill. 140; *Prussing v. Lancaster,* 234 Ill. 462; *Townsend v. Wilson,* 155 Ill. App. 303, and *Ellison v. Miller,* 137 Ill. App. 208, held that the deficiency decree, as against any claims of the owner of the equity of redemption, should be satisfied out of the funds in the receiver's hands. In *Wright v. Matters, supra,* the owner of the equity of redemption did not acquire his conveyance until after the institution of the foreclosure suit. The same case had been before the same court in a former hearing (204 Ill. App. 398) in which the court had held: "That in a mortgage providing that a receiver might be appointed upon bill to foreclose to collect rents, issues and profits and pay the proceeds thereof to the person entitled to a deed under the certificate of sale, that the fact that such person has no right to such money during the redemption period would affect the disposition of only such surplus proceeds and would not impair the validity of such provision as to a receiver."

It was also held that the provisions of the mortgage effected a pledge or mortgage of the rents, issues and profits. It was further held that the provision to pay the proceeds to the person entitled to a deed was inoperative and void in line with the cases cited.

In *Cowell v. Gnatzig,* 178 Ill. App. 486, it is held that it is proper to apply for a receiver to satisfy a deficiency judgment and that it may be done in equity, although the trust deed is silent upon the subject of the application of the rents to the payment of any deficiency that may remain after the sale of the land covered by the trust deed. Citing *Haas v. Chicago Building Society,* 89 Ill. 498.

In *Bothman v. Lindstrom,* 221 Ill. App. 262, the rights of the owner of the equity of redemption were denied, inasmuch as he had not acquired title until eight months after the decree of foreclosure. In *Stevens v. Pearson,* 202 Ill. App. 22, the court had practically the same question before it that is raised

in the case at bar, and held the owner of the equity of redemption was entitled to the fund. In *Bishop v. Prudential Ins. Co. of America*, 217 Ill. App. 112, the question arose in a case between the purchaser of the certificate and a second encumbrance and various phases of the question have been discussed in: *Longley v. Wilk*, 171 Ill. App. 419; *Nixon v. Unity Co.*, 176 Ill. App. 12; *Owsley v. Neeves*, 179 Ill. App. 61; *Continental & Commercial Trust & Savings Bank v. Leven*, 213 Ill. App. 310; *Bolton v. Starr*, 223 Ill. App. 42, and *Walenti v. Krolik*, 234 Ill. App. 407. From these and from the cases cited it is apparent that there is not unanimity of opinion, but in the cases cited much stress is laid upon the question as to whether the mortgage or trust deed pledged or mortgaged the rents, issues and profits, and in all cases it is conceded that where the rents, issues and profits are pledged or conveyed, the mortgagee's rights are superior to those of the owner of the equity of redemption. In *Ball v. Marske*, 202 Ill. 33, the trust deed provided that in default of payment it should be lawful for the trustee to enter into and take possession of the premises and should collect and receive all rents, issues and profits thereof. The bill alleged that the real estate was scant security. There was a deficiency and the court held that the trust deed pledged the rents, issues and profits as security for the payment of the amount due. It was further held that the appointment of a receiver was proper, without regard to the solvency of the mortgagor.

In *Bagley v. Illinois Trust & Savings Bank*, 199 Ill. 77, the trust deed provided that the makers waived all right to retain possession of said premises after any default in payment or a breach of any of the covenants or agreements contained in the deed, and it was provided that in case of a default in payment of the indebtedness or any part thereof, at the option of the legal holders thereof, said indebtedness should become

immediately due and payable, "and on application of the legal holder of said promissory notes, or either of them, it shall be lawful for the said grantee or his successor in trust to enter into and upon and take possession of the premises hereby granted, or any part thereof, and such legal holder, in his own name or otherwise, may file a bill in any court having jurisdiction thereof, against the said party of the first part, their heirs, executors, administrators and assigns, to obtain a decree for the sale of the whole or any part of said premises for the purposes herein specified, and the court may then appoint a receiver to collect the rents during the pendency of the suit."

The court held that the effect of the deed was to pledge the rents for the payment of the debt as fully as the property itself, and to make the pledge effectual, the appointment of a receiver to collect them was stipulated for. The court held that such a provision in the mortgage created a valid lien on the rents which equity would enforce without regard to the question of insolvency of the mortgagors. (Citing *First Nat. Bank of Joliet v. Illinois Steel Co., supra; American Bridge Co. v. Heidlebach,* 94 U. S. 798; *Freedman's Saving & Trust Co. v. Shepherd,* 127 U. S. 494; 1 Jones on Mortgages [5th Ed.], sec. 771.)

The mortgages in the case at bar provide that in case the mortgagors shall violate any of the agreements, the indebtedness shall become due and payable, at the option of the mortgagee or his assigns and he or they from that date shall have the right to take possession of the premises and collect the rents and profits thereof and apply the same upon the indebtedness secured until the same is fully paid, without prejudice to the right to foreclose. It further provides, upon a decree of foreclosure, for the appointment of a receiver to take charge of said real estate and to collect the rents, issues and profits thereof. There can be no question but that the above provisions constitute a pledge

and mortgage of the rents, issues and profits, under the authority of the cases cited.

Neither can there be any question as to the construction of the last clause, providing that the rents and profits shall be paid to the holder of the certificate. It is inoperative and void, as held in the cases cited, but in equity it does not vitiate or render inoperative the valid clauses in the mortgage. *Wright v. Matters, supra.*

The contention that in any case where the lands are scant security and the mortgage debtors insolvent the mortgagee may not pursue the rents, issues and profits during the period of redemption is not justified by the course of decisions in this State. A strict foreclosure is recognized in such a case. It is contrary to the construction of mortgages as given by the courts through the entire history of the State.

At common law the mortgagee was held to be the owner of the fee and could bring ejectment against the mortgagor, or his assignee, before or after condition broken. In *Barrett v. Hinckley,* 124 Ill. 42, the court stated the doctrine:

"In *Carroll v. Ballance,* 26 Ill. 9, which was ejectment by the mortgagee against the assignee of the mortgagor, to recover the mortgaged premises, this court thus states the English rule on the subject: 'In England, and in many of the American States, it is understood that the ordinary mortgage deed conveys the fee in the land to the mortgagee, and under it he may oust the mortgagor immediately on the execution and delivery of the mortgage, without waiting for the period fixed for the performance of the condition,—citing Coot on Mortgages 339; *Blaney v. Bearce,* 2 Greenlf. [Me.] 132; *Brown v. Cram,* 1 N. H. 169; *Hobart v. Sanborn,* 13 N. H. 226; *Northampton Paper Mills v. Ames,* 8 Metc. [Mass.] 1. And this right is fully recognized by courts of equity, although liable to be defeated at any moment, in those courts, by the pay-

ment of the debt.' Again, in *Nelson v. Pinegar*, 30 Ill. 481, which was a bill by a mortgagee to restrain waste, it is said: 'The complainant, as mortgagee of the land, was the owner in fee, as against the mortgagor and all claiming under him. He had the *jus in re* as well as *ad rem*, and being so, is entitled to all the rights and remedies which the law gives to such an owner.' So, in *Oldham v. Pfleger*, 84 Ill. 102, which was ejectment by the heirs of the mortgagor against the grantee of the mortgagor, this court, in holding the action could not be maintained, said: 'Under the rulings of this court, the mortgagee is held, as in England, in law, the owner of the fee, having the *jus in re* as well as the *jus ad rem*.' In *Finlon v. Clark*, 118 Ill. 32, the same doctrine is announced, and the cases above cited are referred to with approval. *Taylor v. Adams*, 115 Ill. 574.''

In *Lane v. King*, 8 Wend. 584 (11 N. Y. Com. Law Rep.), the law is aptly stated: ''In *Keech v. Hall*, Doug. 21, already referred to, the mortgagee brought an action of ejectment against a tenant who claimed under a lease from the mortgagor, given after the mortgage, without the privity of the mortgagee. Lord Mansfield, in delivering the opinion of the court, said: 'On full consideration, we are all clearly of opinion that there is no inference of fraud or concert against the mortgagee to prevent him from considering the lessee of the mortgagor as a wrongdoer.' The question turns upon the agreement between the mortgagor and mortgagee; when the mortgagor is left in possession, the true inference to be drawn is an agreement that he shall possess the premises at will in the strictest sense, and therefore no notice is ever given to quit, and he is not even entitled to reap the crop as other tenants at will are, because all are liable to the debt, on payment of which the mortgagee's title ceases. The mortgagor has no power, express or implied, to let leases not subject to every circumstance of the mortgage; the

tenant stands exactly in the situation of the mortgagor.''

The statutory provision permitting a redemption from the mortgage sale, and the tendency of court decisions in this and other states, has been to limit somewhat the rule of the common law, and it was held in *Kransz v. Uedelhofen,* 193 Ill. 485: ''The doctrine is still maintained, that the mortgagee can bring ejectment against the mortgagor, but the tendency of the later decisions has been to hold that this right has been so far limited, as to confine the bringing of the action to cases where the condition of the mortgage has been broken, or where there has been failure to make payment of principal or interest according to the terms of the mortgage. The more reasonable rule is that the title exists for the benefit of the holder of the mortgage indebtedness, and as a means of coercing payment of that indebtedness. (*Barrett v. Hinckley, supra.*) The general doctrine on the subject is thus stated in *Esker v. Heffernan,* 159 Ill. 38: 'Our present statutory form of mortgage, containing, as it does, the word ''warrant,'' and carrying with it all covenants of title, does not materially differ from the common law form of mortgage, and it follows, therefore, that the mortgagee may maintain an action of ejectment, after condition broken, against the mortgagor or any other person in possession of the mortgaged premises.' The rule that the mortgagee can only bring ejectment against the mortgagor after condition broken seems to be sustained by the following authorities in this State: *Vansant v. Allmon,* 23 Ill. 30; *Kilgour v. Gockley,* 83 Ill. 109; *Oldham v. Pfleger,* 84 Ill. 102; *Mester v. Hauser,* 94 Ill. 433; *Anderson v. Strauss,* 98 Ill. 485; *Taylor v. Adams,* 115 Ill. 570; *Davis v. Dale,* 150 Ill. 239; *Esker v. Heffernan, supra.*'' The same rule is laid down in *Esker v. Heffernan,* 159 Ill. 38; *Lightcap v. Bradley,* 186 Ill. 520, and *Ladd v. Ladd,* 252 Ill. 48. In the last case cited it is held that the burden of proof

is upon the mortgagor to show that there is no breach of condition. (Citing Kales on Future Interests, sec. 15.) It was held in our earlier cases that, upon mortgage foreclosure, even where the mortgage does not, by express words, give a lien upon the income derived from the property, the court may appoint a receiver to take charge of it and collect the rents, issues and profits arising therefrom, but such action will not be taken, however, unless it be made to appear the mortgaged premises are an insufficient security for the debt and the person liable personally for the debt is insolvent. (*Haas v. Chicago Building Society,* 89 Ill. 502.)

In *Anderson v. Strauss,* 98 Ill. 490, the court held that, "the clause in the deed of trust permitting the grantor to enjoy the rents, profits and issues until default, was merely declaratory. Such was the legal effect of the deed, independent of the clause. As soon as default occurred, the permission ended." In this case counsel had cited *Lane v. King, supra,* which the court apparently followed. The mortgage, as provided by statute, and the trust deed are treated as identical, qualified conveyances. (*Lightcap v. Bradley, supra,* p. 518; *Ryan v. Illinois Trust & Savings Bank,* 100 Ill. App. 252.)

Growing out of these rights it has been held that courts of chancery may enforce them through a receiver for the benefit of the mortgagee. (*Haas v. Chicago Building Society, supra; First Nat. Bank of Joliet v. Illinois Steel Co., supra; Cross v. Will County Nat. Bank,* 177 Ill. 39; *Prussing v. Lancaster,* 234 Ill. 467.)

Appellant, the owner of the equity of redemption, who claims through and under the mortgagors, stands in the place of his grantor, Lung, and is charged with notice of the mortgages and their legal effect and can have no greater rights. (*Medley v. Elliott,* 62 Ill. 534; *Alsup v. Stewart,* 194 Ill. 598; *Niccolls v. Peninsular Stove Co.,* 48 Ill. App. 321; *Townsend v. Wilson,* 155

Ill. App. 303; *Owsley v. Neeves*, 179 Ill. 64; *Howard v. Burns*, 201 Ill. App. 582; *Bolton v. Starr*, 223 Ill. App. 44.)

It follows that the judgment of the circuit court of Hancock county should be and is affirmed.

*Affirmed.*