The Illinois Joint Stock Land Bank of Monticello, Appellant, v. Martha B. Leas et al., Appellees.

Gen. No. 8,753.

Opinion filed October 13, 1933. Rehearing denied and opinion modified January 5, 1934.

GREEN & PALMER, for appellant; HENRY I. GREEN, ENOS L. PHILLIPS and ORIS BARTH, of counsel.

F. T. CARSON, for appellees; J. M. MITCHEM, of counsel.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Champaign county denying the appointment of a receiver in a mortgage foreclosure proceeding, after decree of foreclosure, after sale under foreclosure decree and after the court had entered a deficiency judgment for $1,872.36.

On February 11, 1926, George N. Leas and Martha B. Leas, his wife, executed a mortgage note in the principal sum of $25,000, bearing interest at 5¼ per cent per annum, payable semiannually, and on the same date executed the mortgage involved in this suit, to secure the payment of the same. On May 22, 1929, George N. Leas died intestate, and his widow and two sons, who were his only heirs at law, are the parties defendant in this suit and the appellees on this appeal.

On August 13, 1932, a bill was filed to foreclose the mortgage. On September 17, 1932, appellees filed their answer to the bill of complaint. On September 19, 1932, appellant filed its petition asking for the appointment of a receiver, alleging that the mortgaged premises were not worth the amount of the indebtedness secured by the mortgage deed. There was then due the sum of $23,429.55 on the principal of said mortgage note, $1,179 on interest, $350.92 in taxes advanced by

appellant, plus the costs due and to accrue in the foreclosure proceeding. On October 1, 1932, the court entered an order appointing a receiver, who subsequently filed his bond and qualified. On October 6, 1932, exceptions were filed by appellant to the following portion of the answer of appellees:

"And the defendants further answering say that they have offered and do hereby offer to turn over to the Complainant, bonds of the Complainant of the face value of and in satisfaction of said indebtedness, and still do so offer." On October 18, 1932, a motion was made by appellees to set aside the order appointing a receiver, and on November 1, 1932, the court granted said motion and entered an order vacating and setting aside said order of appointment. On the same date the court entered an order sustaining the exceptions of appellant to the portion of the appellees' answer hereinabove quoted. On November 2, 1932, on application of appellant, the court granted a temporary injunction restraining the appellees from disposing of one-half of the corn crop or any part of one-half of the corn crop grown on the mortgaged premises and unsevered therefrom at the time of the entry on October 1, 1932, of the order appointing a receiver. This order has been extended and kept in force abiding the determination of this appeal. The mortgage deed pledged the rents, issues and profits as security for the payment of the mortgage debt, and the decree of foreclosure so found. On November 9, 1932, the decree of foreclosure was entered finding the indebtedness to be the sum of $26,518.71, and ordering the mortgaged premises sold. On December 7, 1932, the master in chancery made his report of sale of said premises to appellant for the sum of $25,000, disclosing a deficiency of $1,872.36. The court approved the master's report on the same date and entered a deficiency judgment against the appellee, Martha B. Leas,

for the amount of said deficiency. On this same date the appellant, after the approval of the master's report of sale and the entry of the deficiency judgment, filed a motion and a petition to vacate the order setting aside the appointment of a receiver, and to confirm the original order appointing a receiver, or in the alternative, for the appointment of a receiver. The petition set up all the material steps taken in this suit up to the entry of the deficiency judgment. The court entered an order denying the motion and the prayer of the petition asking for the appointment of a receiver, but continued in force the temporary injunction in order to preserve the rights of the parties in relation to the question over the receivership. From the entry of this order and decree of the court, the appellant has appealed.

The testimony discloses that the premises in question was a well improved farm of 200 acres, worth about $125 per acre; that on September 6, 1932, the appellant entered into contract with one W. D. Villars, wherein it was agreed that appellant would bid the sum of $25,000 for the farm at the sale, and if the successful bidder would sell to Villars the certificate of purchase and deficiency judgment for the sum of $18,000, $16,000 to be paid upon the execution of the agreement and $2,000 at the time deed was delivered, after the period of redemption. There was further agreement as to what should be done in case appellant was not the successful bidder at the sale, or in case of redemption. It was further agreed that the net proceeds from a receivership was to be applied on the deficiency judgment. Further testimony offered and admitted by appellees over the objection of appellant showed that appellant since January 1, 1932, had purchased and retired its own bonds of the par value of $472,000, for which it had paid $293,100, or about 62 cents on the dollar. The money secured from Villars

under above contract was used by appellant to purchase its own bonds at a similar discount. Appellant owned loans amounting to $6,200,000 and bonds outstanding of $6,000,000.

Appellant urges that the court erred in setting aside the initial order appointing a receiver and also in denying the application for the appointment of a receiver after foreclosure sale and the entry of a deficiency judgment.

In a large number of decisions the courts of our State have uniformly held that where the rents and profits are pledged the lien thereon continues in force after foreclosure, and that the owners of a deficiency judgment are entitled to have it satisfied out of such rents and profits. *Powell v. Voight,* 348 Ill. 605; *Prussing v. Lancaster,* 234 Ill. 462; *Straus v. Bracken,* 242 Ill. App. 122. Appellees seek to avoid the effect of this principal of law by saying that because appellant profited by purchasing its own bonds at a figure below par, it had not suffered any loss and was therefore not equitably entitled to a receiver.

We fail to see how appellant's dealing with outside or third parties can possibly have any effect upon the contract between the parties to this suit. The purchase of its own bonds by appellant from parties willing to sell at a low figure is a matter entirely foreign to the issues involved in this case. Appellee further insists that the appellant through the contract with Villars parted with all their interest in the subject matter of this suit and were not entitled to any relief or protection from the court. However, there was no objection made to the approval of the master's report of sale, nor to the entry of the deficiency judgment in favor of the appellant and from which no appeals were taken. That contract was not to be entirely consummated until the expiration of the period of redemption and the record disclosed by the report of sale, the entry

of the deficiency judgment and other orders entered by the trial court, clearly show that appellant had a very substantial interest in the disposition of the net profits that might result from a receivership. It was not necessary to show the insolvency of the mortgagors because the mortgage clearly pledged the rents, issues and profits. *Rohrer v. Deatherage,* 336 Ill. 450.

However sorry a court may be for a farmer or any other person who is losing his property through foreclosure, the well established principals of law concerning foreclosure proceedings cannot be overlooked, and the court has no power to change the terms of the mortgage contract. We believe the circuit court on November 1, 1932, and before the sale, had full power and discretion to set aside the initial order providing for a receiver, but on December 7, 1932, after the foreclosure sale and the entry of a deficiency judgment, the court erred in denying the application by appellant for the appointment of a receiver. It is therefore our judgment that up until December 7, 1932, the owners of the equity of redemption were entitled to the rents, issues and profits from the mortgaged premises, that on said date the appellant was entitled to have a receiver appointed. The decree of the circuit court under date of December 7, 1932 denying the motion and petition of appellant for the appointment of a receiver is therefore reversed and remanded for the purpose of entering a decree in compliance with the views herein expressed.

*Reversed and remanded with instructions.*