PAUL SCHAEPPI

*v.*

GEORGE BARTHOLOMAE.

*Opinion filed October 24, 1905.*

1. MORTGAGES—*foreclosure and sale merges mortgage in decree.* Foreclosure and sale under a trust deed merges the trust deed in the decree, and the rights of the purchaser are such, only, as he is entitled to under the statute, without reference to the terms of the trust deed.

2. SAME—*purchaser at sale not entitled to rents during redemption period.* The person entitled to a deed under a foreclosure sale is not entitled to the rents and profits during the period of redemption, notwithstanding the trust deed contains an express provision to that effect; and this is true even though the holder of the indebtedness, secured by the trust deed, is the purchaser at the sale.

3. SAME—*rule where there is a deficiency after sale.* If there is a deficiency after the foreclosure sale and there are equitable grounds for appointing a receiver, the court may appoint such receiver to collect the rents during the redemption period and apply them on the deficiency; but the only right of the purchaser at the sale, or his assigns, in case there is no redemption, is to receive a deed after the expiration of the redemption period.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

The appellant filed a bill in chancery in the superior court of Cook county to foreclose a trust deed in the nature of a mortgage upon premises situated in said county, known as Nos. 870 and 872 West North avenue, Chicago. John H. Glade filed a cross-bill to foreclose a trust deed held by him upon No. 870 West North avenue, and Phillip Bartholomae filed a cross-bill to foreclose a trust deed held by him upon No. 872 West North avenue. It was held by the court that the trust deeds of Glade and Bartholomae, respectively, were superior liens to that of the appellant, and a decree of foreclosure and sale was entered directing that said premises be sold by a master, and that he first pay the Glade trust

deed from the amount received from the sale of the premises covered thereby, and apply the overplus, if any, upon the trust deed of appellant, and that he first pay the Bartholomae trust deed from the amount realized from the sale of the premises covered thereby, and that he apply the overplus, if any, upon the trust deed of appellant. On May 3, 1902, the premises covered by the Glade trust deed were sold to Glade, and the premises covered by the Bartholomae trust deed were sold to the executor of Bartholomae. On the 14th day of the same month the master reported the sales, and that there was a deficiency remaining unpaid on the Glade trust deed of $1006.38 and on the Bartholomae trust deed of $540.92, for which amounts deficiency decrees were rendered. After the filing of the original and cross-bills a receiver was appointed, who took possession of the premises and remained in possession until the time of redemption had expired and deeds were made. On the 6th of August, 1903, the receiver filed a report, in which he showed he had collected rent to the amount of $855.14 on No. 870 West North avenue, which he had paid to Glade to apply upon the deficiency decree rendered in his favor, and had collected rent to the amount of $726.90 on No. 872 West North avenue; that he had paid to Henry Bartholomae, Jr., executor of Phillip Bartholomae, the sum of $574.67 in full of the deficiency decree, including interest, rendered upon the Bartholomae trust deed, and that he had paid to the appellant, to apply upon the decree in his favor, the sum of $152.23. The certificate of purchase upon the Bartholomae trust deed had been assigned by the executor to George Bartholomae, and he had received a master's deed conveying to him No. 872 West North avenue. George Bartholomae filed objections to the approval of the receiver's report, and took the position that he, as the owner of No. 872 West North avenue, was entitled to be paid by the receiver said sum of $726.90, by virtue of the following provision found in the Bartholomae trust deed: "The grantors waive all rights to the possession of and in-

come from the said premises pending such foreclosure proceedings and until the period of redemption from any sale thereunder expires, and agree that a receiver shall be appointed to take possession or charge of said premises and collect such income, and the same, less receivership expenses, pay to the person entitled to a deed under the certificate of sale, or in reduction of the redemption money, if said premises be redeemed," which provision was set out in full in the decree of foreclosure and sale, and Henry Bartholomae, Jr., upon the hearing of objections to the master's report, by his solicitor in open court waived any right to the said sum of $726.90, or any part thereof, as executor of Phillip Bartholomae, deceased, and averred the same belonged to the said George Bartholomae, as the owner of No. 872 West North avenue, under the provisions of the Bartholomae trust deed. It also appeared that although the report recited payment to said executor of said sum of $574.67, the executor had not received said sum, but that the same had been tendered to him by the receiver. The superior court sustained the objections of George Bartholomae to the receiver's report, and ordered the receiver to pay said sum of $726.90 to George Bartholomae as the person entitled to receive the same under and by virtue of the provisions with reference to rent contained in the Bartholomae trust deed. Paul Schaeppi prosecuted an appeal from the order of the superior court sustaining exceptions to said receiver's report to the Appellate Court for the First District, where the order of the superior court was affirmed, and a certificate of importance having been granted, he has prosecuted a further appeal to this court.

FRED H. ATWOOD, FRANK B. PEASE, WILLIAM S. CORBIN, and CHARLES O. LOUCKS, for appellant, and EDWARD C. NICHOLS, for the receiver, Emil R. Haase:

The purpose of appointing a receiver at the instance of the trust deed holders was to preserve the security of the trust deeds and to apply the rents, issues and profits in discharge of the indebtedness, and when the entire indebted-

ness secured by the first trust deed was paid in full the money on hand belonged to the owner of the equity of redemption or to the holder of the second trust deed. *Davis* v. *Dale,* 150 Ill. 243.

The decree entered May 14, 1902, and the sale of the premises under the decree, exhausted all the rights and remedies under the trust deed and extinguished the mortgage lien. *Bogardus* v. *Moses,* 181 Ill. 559; *Lightcap* v. *Bradley,* 186 id. 526; *Davis* v. *Dale,* 150 id. 239; *Ogle* v. *Koerner,* 140 id. 170; *Seligman* v. *Laubheimer,* 58 id. 124; *Haigh* v. *Carroll,* 209 id. 576.

The purchaser at the master's sale acquired no equities under the trust deed that would entitle him to the income, rents and profits of said premises during the period of redemption. *Davis* v. *Dale,* 150 Ill. 243; *Ogle* v. *Koerner,* 140 id. 170; *Seligman* v. *Laubheimer,* 58 id. 124; *Haigh* v. *Carroll,* 209 id. 576.

There was no privity of contract between the purchaser at the sale and the grantors in the trust deed, such as would entitle the holder of the certificate of sale to the rents and profits during the period of redemption. *Lightcap* v. *Bradley,* 186 Ill. 526; *Davis* v. *Dale,* 150 id. 239; *Haigh* v. *Carroll,* 209 id. 576.

Even though the trust deed expressly provided for the appointment of a receiver to take possession or charge of the premises and collect the income and pay the same to the holder of the certificate of sale, yet, notwithstanding such a stipulation, a court of equity will not enforce the same if it would be inequitable, as it would be in this case. 23 Am. & Eng. Ency. of Law, 1030; *Life Ins. Co.* v. *Ettinger,* 32 Misc. (N. Y.) 378; *Brick* v. *Hornbeck,* 19 id. 218; *Degener* v. *Stiles,* 6 N. Y. Supp. 474.

WILLIAM W. CASE, for appellee:

There is no statute directing how rents during the time allowed for redemption shall be disposed of, and, in the absence of legislative veto, parties laboring under no legal dis-

ability are at liberty to dispose of their property as they see
fit, by contracts not immoral or unconscionable.    Starr &
Cur. Stat. chap. 77, secs. 16, 18, 30.

The power to make contracts is a liberty and a property
right protected by the constitution of Illinois and of the
United States.    *Ritchie* v. *People,* 155 Ill. 98;  *Mathews* v.
*People,* 202 id. 389;  *Coal Co.* v. *Harrier,* 207 id. 624.

The rents to accrue from a man's land are property,
which he has a right to dispose of like other property.  *Chase*
v. *Ball,* 79 Ind. 311;  *Insurance Co.* v. *Brouse,* 83 id. 62.

The contract in this case does not in any respect impair
or obstruct the right and power of redemption, and is per-
fectly fair and valid.

The right of a mortgagee to enforce his mortgage ac-
cording to its terms is a thing of value, which cannot be
taken away even by the legislature.    *Bronson* v. *Kinzie,* 1
How. 311;  *McCracken* v. *Hayward,* 2 id. 608;  *Hillebert*
v. *Porter,* 28 Minn. 496;  *Barnitz* v. *Beverly,* 163 U. S. 118;
*Greenfield* v. *Dorris,* 1 Sneed, 548.

Whatever a mortgagee has the right to sell the purchaser
has a right to buy.    When the mortgagor and mortgagee
have made a valid contract, neither legislature nor court can
take from the purchaser any right given by that contract.
*McCracken* v. *Hayward,* 2 How. 608;  *Hillebert* v. *Porter,*
28 Minn. 496;  *Barnitz* v. *Beverly,* 163 U. S. 118;  *Green-
field* v. *Dorris,* 1 Sneed, 548.

Appellee is entitled to rely upon the terms of the decree
under which he purchased, and the recital therein of the pro-
visions and effect of the trust deed respecting rents.  *Mul-
ford* v. *Stalzenback,* 46 Ill. 303;  *Huber* v. *Hess,* 191 id. 305.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellant, Paul Schaeppi, has assigned as error, and
Emil R. Haase, the receiver, has assigned as cross-error, the
action of the superior and Appellate Courts in refusing to
approve said receiver's report, and the only question dis-

cussed in this court is the legality of the order of the superior court directing the receiver to pay said sum of $152.23 to George Bartholomae, instead of to appellant, Schaeppi.

The sole objects of the several trust deeds sought to be foreclosed in this proceeding were to secure the payment of the several sums of money mentioned therein, and in case of foreclosure and sale during the time of redemption the grantor in the trust deeds was entitled to the possession of the premises and to receive the rents, issues and profits thereof. If, however, the premises were inadequate security, the person liable to pay the indebtedness insolvent, the person in possession of the premises committing waste, or other equitable grounds were shown and any part of the decree of foreclosure was not satisfied by the sale, the court in which the foreclosure suit was pending might, through a receiver, and not otherwise, appropriate the rents, issues and profits arising from the premises during the period of redemption for the purpose of paying the portion of the indebtedness which was not satisfied by a sale of the premises. The result of the foreclosure proceedings was to merge said trust deeds into the decree, and the purchaser at the foreclosure sale held under the decree and not under the trust deeds, and after a sale such purchaser was entitled only to such rights as were conferred upon him by the statute, which were (1) a right to a certificate of purchase; (2) a right to a deed of the premises at the expiration of fifteen months from the date of sale, in case no redemption of the premises was made; and (3) in case of redemption, to receive back the purchase money, with interest, and any taxes he had paid upon the property during the period of redemption.

It is urged, however, that by virtue of the provision found in the Bartholomae trust deed, the person entitled to a deed under the foreclosure sale, in case no redemption took place, was expressly granted the rents during the period of redemption, and that no redemption having taken place and a deed having been made to George Bartholomae, he was

entitled to the rents arising from said premises during the period of redemption. We cannot accede to this contention. The provision with reference to rent, found in the trust deed, was a covenant between the grantor in the deed and the *cestui que trust,* and prior to the foreclosure sale was merged in the decree of foreclosure, (*Davis* v. *Dale,* 150 Ill. 239; *Lightcap* v. *Bradley,* 186 id. 510; *Haigh* v. *Carroll,* 209 id. 576;) and the purchaser at said sale took title under the decree, and he can claim no right by virtue of said provision found in the trust deed with reference to rent.

In *Davis* v. *Dale, supra,* the trust deed provided that the grantors should pay the taxes and assessments levied upon the property described in the trust deed, and should not suffer the premises, or any part thereof, to be sold or forfeited for any tax or assessment, and that upon default in the performance of any of the covenants of the trust deed the trustee, or any person appointed by the court, might take possession of the premises, collect the rents, issues and profits, and apply the same toward the payment of taxes, etc. A bill was filed to foreclose the trust deed, and a decree of foreclosure and sale was made and the premises were sold by the master to the complainant for the full amount of the decree. A receiver had been appointed upon the filing of the bill, who remained in possession of the premises during the period of redemption, and upon his final report coming in, he was ordered by the court to pay the taxes upon said premises, which had accrued during the period of redemption, under the provisions of said trust deed, out of the rent in his hands which had been earned during that period. That decree, upon appeal to the Appellate Court for the First District, was reversed, and upon a further appeal to this court the judgment of the Appellate Court was affirmed, and it was held that the only object of the appointment of the receiver was to preserve the security and to collect and apply the rents and profits to the payment of the indebtedness secured by the trust deed, and that the indebtedness having

been satisfied by a sale of the premises, there was no occasion for the continuance of the receivership, but as the grantor was entitled to the rents and profits arising from the premises during the period of redemption, the receiver would be treated as having been in possession of the premises for his benefit. It was, however, urged that the complainant, who was the purchaser at the foreclosure sale, was entitled to have the taxes which had accrued during the period of redemption, paid out of the rents earned during that period by virtue of the provisions of the trust deed. In reply to that contention the court, on page 243, said: "The contention of counsel for appellant that in some way the purchaser at the master's sale acquired equities, under the clauses and covenants of the trust deed, for the payment of taxes by the grantor, is equally untenable. By virtue of the lien created the mortgagee or *cestui que trust* had the right to have the security foreclosed and the property sold and the proceeds applied in payment of the secured debt. But when this has been done and the lien enforced by a sale of the property and the proceeds applied, the mortgage or trust deed has expended its force and the property is no longer subject to its provisions. (*Ogle* v. *Koerner,* 140 Ill. 170; *Seligman* v. *Laubheimer,* 58 id. 124.) Nor does it in any way affect the result that the holder of the secured indebtedness becomes the purchaser at the sale, whether he be the mortgagee or *cestui que trust,* or not. By becoming the purchaser a new relation created by the statute exists, in nowise dependent upon any privity of contract between the purchaser and mortgagor."

In *Lightcap* v. *Bradley, supra,* the court held that upon the foreclosure of a trust deed in the nature of a mortgage all the rights and liabilities growing out of the trust deed are merged in the decree, and that upon a sale of the premises under the decree the only interests of the purchaser at the sale are those rights which are evidenced by the certificate of purchase.

In *Haigh* v. *Carroll, supra,* a trust deed was foreclosed upon a leasehold interest. One of the complainants purchased the premises at the foreclosure sale for the entire amount of the decree. A receiver had been appointed, who remained in possession of the premises during the period of redemption. He paid out of the rents collected by him from the property, something like $7000 for ground rent, taxes, insurance, etc. The trust deed provided that any rents that might be collected, less a commission of five per cent for collecting, after the foreclosure sale and before the time of redemption had expired, should be paid to the purchaser of the premises at the foreclosure sale. On a contest over the approval of the master's report it was held that, notwithstanding said provision in the trust deed, the rents did not pass to the purchaser at the foreclosure sale, but that they belonged to the owner of the equity of redemption; that all the complainants were entitled to was to have their debt paid, and that all the purchaser was entitled to were such rights as he acquired by the certificate issued to him upon the sale. It could there have been urged, as it is urged here, that by virtue of the provisions of the trust deed the purchaser should receive the rents during the period of redemption, as he must be held to have bid more for the premises than he would have bid but for such provision, and that he should be protected in his bid by being decreed the rents collected during the period of redemption. It is, however, clear, that whatever rights the purchaser obtained at the foreclosure sale were represented by the certificate of purchase, and that the rents did not pass to him by virtue of said certificate; that his rights as such purchaser were created by the statute, and were in nowise affected by the provisions of the trust deed, which were merged in the decree of foreclosure. In the *Haigh case,* on page 581, it was said: "Reliance is placed upon that provision of the trust deed to the effect that during the period of redemption the rents of the mortgaged premises shall be paid to the purchaser at the

217—8

foreclosure sale. So far as that provision is concerned the sale satisfies the mortgage and renders all its provisions inoperative. They were effective only for the purpose of securing satisfaction of the mortgage debt. When that purpose was accomplished their force was entirely spent." And again: "The rights of the complainants under the trust deed were at an end, and as the purchasers had no right to the possession or rents until the certificate of purchase had ripened into a deed, it is apparent that no right existed by which either the complainants or the purchasers could control the money arising from rent during the redemption period."

The debt secured by the Bartholomae trust deed, with the exception of $540.92, was satisfied by a sale of the premises. That amount, with interest, out of the rents in his hands arising from the premises, was tendered to the executor of Phillip Bartholomae by the receiver, which paid the Bartholomae foreclosure decree and was a satisfaction of that indebtedness. The holder of such indebtedness having received payment thereof must be satisfied, and the purchaser of the premises covered by the Bartholomae trust deed, no redemption having taken place, having received a deed for the premises, has received all that under the statute he is entitled to, and must also be satisfied. The balance remaining in the hands of the receiver, to-wit, $152.23, under the decree, is overplus, and should be paid to the appellant as the holder of the junior encumbrance.

The judgment of the Appellate Court and the order of the superior court will be reversed, and the cause will be remanded to the superior court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*