# CASES

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1921.

Helen J. Bolton, Executrix under last will of Harlan K. Bolton, Deceased, et al., Appellees, v. Frank W. Starr et al., on appeal of Max Pawl, Appellant.

### Gen. No. 26,627.

1. MORTGAGES—*appointment of receiver for rents and profits before entry of deficiency decree.* Where, by the express terms of a trust deed in the nature of a mortgage, a lien is given upon rents and profits, the one entitled to enforce such lien is not bound to wait for the entry of a deficiency decree before procuring the appointment of a receiver when the facts indicate a necessity for it, and the court may, at any time after the filing of the bill, appoint a receiver for the purpose of collecting and retaining, until the period of redemption has expired, the rents so pledged.

2. MORTGAGES—*right to lien on rents though not expressly given in mortgage.* If mortgagors are insolvent and the mortgaged premises are insufficient security for the debt, the right to enforce a lien upon the rents will exist although the mortgage does not, by express words, give a lien thereon.

3. MORTGAGES—*effect of express lien on income of mortgaged property.* Where a mortgage gives an express lien upon the income of the mortgaged property, it is immaterial that there was no proof of the insolvency of those liable for the indebtedness or that the mortgagors are not still owners of the equity of redemption.

(39)

4. MORTGAGES—*foreclosure of trust deed containing express lien on income as extinguishment of deed.* A decree foreclosing a trust deed which contained an express lien on the income of the property does not extinguish the trust deed and render it *functus officio.*

5. MORTGAGES—*appointment of receiver of income before entry of deficiency decree.* The fact that an order for the application of the income from mortgaged property could not be made until after a deficiency decree will not prevent the exercise of the court's jurisdiction to that end by appointing a receiver before the deficiency is ascertained, where the facts justify it.

6. MORTGAGES—*construction of trust deed as to pledge of rents.* The wording of a trust deed, *held* to constitute a pledge of the rents to satisfy the debt though the granting clause did not contain the words "rents" or "pledge."

7. MORTGAGES—*effect of sale of premises without an order for continuance of receivership to collect rents.* Where the appointment of a receiver was based upon the lien granted by a trust deed on the rents, the lien was not extinguished by the sale of the land, and an order appointing and directing a receiver to collect such rents until the expiration of the period of redemption was sufficient without an order for continuance of the receivership after sale for the purpose of enforcing the equitable lien.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed November 29, 1921. *Certiorari* denied by Supreme Court (making opinion final).

HARRY H. KRINSKY, for appellant.

TENNEY, HARDING & SHERMAN, for appellees Helen J. Bolton, Executrix, and Mary Louise Smith.

GEORGE W. WILBUR, for appellees Frank W. Starr and Charles H. Davis.

MR. JUSTICE BARNES delivered the opinion of the court.

On June 25, 1917, complainants filed their bill of complaint for foreclosure of a trust deed in the nature of a mortgage given to secure the indebtedness of appellees Starr and Davis. The sworn bill alleged that

the premises deeded were scant and meager security, and that the persons liable for the indebtedness were insolvent, and prayed among other things for the appointment of a receiver with power to collect the rents and profits arising from said premises up to the expiration of the period of redemption, and for their application on any deficiency there might be after such sale. On due notice by complainant an order was entered July 2, 1917, appointing a receiver with such power, who went into possession of the premises and collected rents until the expiration of the period of redemption. A decree of sale was entered December 6, 1918, and on January 10, 1919, the sale had thereunder was confirmed and a deficiency decree for $8,068.96 was entered.

Claiming title to the equity of redemption by virtue of a deed dated January 9, 1919, appellant filed a petition on March 13, 1919, asking that the receiver be required to report his actions and doings, and that the moneys in his hands be turned over to appellant and the receiver be discharged. Subsequently the receiver made reports of his receipts and disbursements. The one filed April 10, 1920, showed a cash balance on hand of $7,139.07. This report was approved and he was ordered to retain the money in his hands until the further order of the court. On the same day complainants herein filed their petition and a few days later Starr and Davis, against whom the deficiency decree was entered, also filed their petition, each petition asking that the moneys in the hands of the receiver be applied to satisfy the deficiency decree. On a hearing upon these several petitions and the issues joined a decree was entered directing the receiver to apply the balance of the funds in his hands in satisfaction of the deficiency decree. From this decree this appeal is taken.

While it is not questioned by appellant that rents collected by a receiver under a proper order and di-

rections of the court in a case where they are expressly pledged to satisfy the indebtedness may be applied to satisfy a deficiency decree, nevertheless he questions the right to apply them under the circumstances of this case and seeks to differentiate it from cases relied on to support the decree and quotes 'various expressions from opinions in certain cases which, to our minds, have no direct application to the facts in the case at bar. We shall not undertake to distinguish or reconcile these several cases for most of the points urged by appellant have seemingly been disposed of adversely to his contentions in cases hereinafter referred to, and we do not think that there is anything in the slightly variant state of facts in the case at bar to distinguish it from those cases so far as the doctrines on which the decree rests are concerned.

The trust deed waives "all right to retain possession" of the premises after any default in payment, and provides that immediately upon the filing of the bill to foreclose the same the court may appoint a receiver,

"with power to collect the rents, issues and profits arising out of said premises during the pendency of such foreclosure suit, and until the time to redeem the same from any sale that may be made under any decree foreclosing this mortgage shall expire; and such rents, issues and profits, when collected, may be applied towards the payment of the indebtedness and costs herein mentioned and described."

The same language as that quoted was contained in the trust deed foreclosed in *First Nat. Bank of Joliet v. Illinois Steel Co.*, 174 Ill. 140, where it was held that "under this clause in the mortgage a lien is given, by express words, upon rents and profits, and such an equitable lien a court of equity will enforce." (p. 148.) Appellant seeks to distinguish that case from this in the facts that the appointment of the receiver was made after the entry of the deficiency decree, and the grantors were still the owners of the equity of re-

demption and were insolvent. None of these facts affects in the least the merits of this controversy. It is immaterial whether, in view of such provision in the trust deed giving an unquestionable equitable lien, the appointment be made before or after the deficiency decree. One entitled to enforce such lien is not bound to wait for such decree before procuring the appointment of a receiver where the facts indicate a necessity for it. Whether there will be a deficiency can only be ascertained with certainty from the result of the judicial sale. But where, on account of the alleged inadequacy of the security a deficiency may well be anticipated it is unquestionably within the equitable power of the court under such a provision as that quoted to appoint a receiver, any time after filing of the bill, for the purpose of collecting and retaining until the period of redemption expires the rents so pledged to satisfy the indebtedness. This doctrine is unquestionably recognized in the *First Nat. Bank of Joliet* case and the cases of *Bagley v. Illinois Trust & Savings Bank,* 199 Ill. 76, and *Owsley v. Neeves,* 179 Ill. App. 61, which cite other cases to the same effect. Variant features in those cases from those of the case at bar with respect to the time of the appointment of the receiver, the provisions of the order appointing him, and the language of the trust deed under which he was appointed, have no material bearing on the fundamental question here, namely, that the trust deed gave a lien on the rents to satisfy the indebtedness of the grantors, which a court of equity has power to enforce regardless of whether they are insolvent or not. (See cases above cited.) If they are insolvent and the mortgaged premises are insufficient security for the debt, the right to enforce such a lien in equity would exist although the deed did not by express words give a lien upon the income derived from the property. (*Haas v. Chicago Building Society,* 89 Ill. 498.) As said in *First Nat. Bank of Joliet* case, *supra:*

"In the one case the authority arises from the contract, the express words giving a lien on the rents and profits; in the other, the court exercised its equitable powers under the facts and circumstances presented at the time the application to appoint a receiver is made."

It is immaterial, therefore, that, as contended by appellant, there was no proof of the insolvency of those liable for the indebtedness.

Nor is it material that they are not still the owners of the equity of redemption. The purchaser thereof acquired no greater rights than they possessed and he took the property subject to the trust deed and hence to the right to enforce the lien on the rents given thereunder.

It is also urged that the decree of foreclosure and sale extinguished the trust deed and rendered it *functus officio*. But as said in the *Haas* case, *supra*, referring to appropriating the rents after the foreclosure sale: "The security, plainly, is not exhausted by the sale, for there is a fund included in it which is secondarily liable." It was also said in the *Owsley* case: "The property described in the mortgage was sold at the sale, but the rents and profits that accrued during the redemption period were not sold." In the latter case the court also said that as under the provisions of the trust deed appellees were entitled to have their deficiency decree or judgment paid out of the rents, and as no order in such a case could properly be entered for the application of the rents in satisfaction of the debt until after the sale, it can be only after the deficiency was established that appellees would be entitled to an order so applying the rents. While the order for such application could not be made until after the deficiency decree, that fact would not preclude the exercise of the court's jurisdiction to that end by appointing the receiver before the deficiency is ascertained where the facts justified it.

While the trust deed in question did not contain in

the granting clause the words "pledge" or "rents" it gave the grantee "all right to retain possession of said premises after any default," and the right to appoint a receiver in language that cannot be construed otherwise than a pledge of the rents to satisfy the debt.  In the case of *Bagley v. Illinois Trust & Savings Bank,* language less explicit was held to pledge the rents for the payment of the debt as fully as the property itself, and the court added that "to make the pledge effectual the appointment of a receiver to collect them was stipulated for.  Such a provision in the mortgage created a valid lien on the rents, which equity will enforce without regard to the question of insolvency of the mortgagors."  (Citing cases.)  And it was said in the *First Nat. Bank of Joliet* case, *supra;* "By the appointment of the receiver" the appellants obtained an equitable lien on the rents and profits of the lands during the statutory period allowed for redemption, if necessary for the full payment of any deficiency in the security.

The appointment of the receiver, therefore, was based on the lien on the rents granted by the trust deed.  That lien was not extinguished by the sale of the land, and the order appointing and directing the receiver to collect such rents until the expiration of the period of redemption and to hold the moneys until the further order of the court was sufficient, without an order for continuance of the receivership after sale, for the purpose of enforcing the equitable lien.  Under such a state of facts there would be no necessity for an order of continuance.  The order requiring the receiver to collect the rents and hold them until the further order of the court was a sufficient assertion of the court's jurisdiction in the matter.

Appellant refers to language used in the case of *Strause v. Dutch,* 250 Ill. 326, applicable to that case in which the rents were not pledged.  But neither that case nor any other cited by appellant holds that the

lien on rents given by the trust deed is extinguished by the sale where the rents and income from the property are not also expressly sold with the land.

We think a further citation of authorities unnecessary and that the decree should be affirmed.

*Affirmed.*

Gridley, P. J., and Morrill, J., concur.