Burton S. Powell, Individually and as Trustee, and William T. Webster, Complainants, v. Phineas D. Voight et al., Defendants in Error. Harry E. Hobbs, Receiver, Plaintiff in Error.

Gen. No. 34,336.

Opinion filed March 24, 1931.    Rehearing denied April 6, 1931.

FRANCIS E. HINCKLEY, for plaintiff in error.

M. D. DOLAN, for defendants in error; B. A. CUMMINS, of counsel.

MR. JUSTICE KERNER delivered the opinion of the court.

This was a foreclosure of a third trust deed executed by Phineas and Mayme L. Voight, in which Burton S. Powell and William T. Webster, the complainants, obtained a decree of sale on June 7, 1926, under which the real estate involved in the proceedings was sold to complainants and a deficiency decree was entered against the Voights on June 16, 1926, for $3,959.99. On January 19, 1926, Harry E. Hobbs, the plaintiff in error, was appointed receiver and was directed and empowered to take possession of the premises, preserve the same and collect the rents. By the deficiency decree it was ordered that the receiver retain his office as such receiver, with like powers as heretofore conferred, until the further order of the court. The receiver remained in possession and collected the rents during the redemption period, and without authorization of the court he paid out of receivership funds in discharge of principal and interest on the first and second incumbrances and taxes, $17,068.69. Of this sum $1,837.50 was paid for principal and interest on the second mortgage *prior to the sale,* and the balance was paid *after sale* for principal and interest on the

first and second mortgages and for taxes. The receiver filed his account, to which objections were filed by the Voights, who are the judgment debtors in the deficiency decree, and Ethel Scanlon, who was the owner of the equity of redemption. The matter was referred to a master in chancery to take proofs of the parties and report as to what items should be charged against the funds collected by the receiver and what allowances for expenses and disbursements should be made. The master heard the evidence and made his recommendations, and the court entered a decree in conformity with the recommendations. This decree disallowed the sum of $1,837.50 claimed by the receiver to have been paid by him on account of principal and interest on the second mortgage *prior* to the entry of the decree of sale, and also disallowed all payments of principal and interest on the first and second mortgages and taxes after the sale, and held that the receiver should be charged interest at five per cent on such sums from the dates of such payments, and charged the costs of the proceedings against the receiver. To reverse this decree the receiver sued out a writ of error.

Plaintiff in error contends that the rents during the pendency of the foreclosure proceedings and throughout the period of redemption were pledged by the trust deed to secure not only payment of the principal and interest, but to secure the principal and interest accruing upon prior incumbrances and taxes coming due after the sale, and that there was an express contract of the parties that the receiver discharge these obligations of the defendants. The trust deed provides that it is subject to a prior trust deed for $53,000, dated January 30, 1923, and to a second trust deed for $36,500, dated January 1, 1924, and that the grantors agree to pay all prior incumbrances and the interest thereon; should they fail, the receiver, in case one should be appointed, shall have the option of paying

the prior indebtedness out of any rents coming into his hands; that the receiver may disburse the rents collected in the payment of all taxes and special assessments, principal and interest on prior incumbrances, and all such payments may be made subsequent to the entry of a decree of sale and without regard to whether said taxes become liens prior or subsequent to the entry of the decree of sale.

Where there is a deficiency, a pledge of the rents during the redemption period is not extinguished by the foreclosure and sale, and the owner of the deficiency as well as the judgment debtors is entitled to have it satisfied out of such rents. (*Prussing v. Lancaster,* 234 Ill. 462, 467; *Continental and Commercial Trust & Savings Bank v. Leven,* 213 Ill. App. 310, 314.) After the foreclosure sale and entry of the deficiency decree, the trust deed remained in force as to the pledge of the rents during the redemption period only for the purpose of satisfying the deficiency decree. (*Townsend v. Wilson,* 155 Ill. App. 303, 307, 308; *Elgin City Banking Co. v. Hancock,* 183 Ill. App. 23; *First Nat. Bank of Joliet v. Illinois Steel Co.,* 174 Ill. 140, 148.) Plaintiff in error claims that the trust deed did more than to pledge the property and rents; that it went beyond the usual provisions of a trust deed; that not only did the Voights promise to pay the bonds secured by the trust deed but also to pay the prior incumbrances and the taxes that might accrue subsequent to a decree of sale, and expressly agreed that a receiver, if one should be appointed, should pay out of the rents, not only before but after the sale, all principal and interest on prior incumbrances and taxes. A provision in a trust deed attempting to give to the purchaser at a sale under a foreclosure decree the rents during the redemption period is of no avail. (*Schaeppi v. Bartholomae,* 217 Ill. 105; *Coleman v. Mulcahey,* 334 Ill. 64; *Straus v. Bracken,* 242 Ill. App. 122; *Standish v. Musgrove,* 223 Ill. 500.) The pur-

chaser takes under the decree and not under the trust deed. (*Schaeppi v. Bartholomae, supra; Standish v. Musgrove, supra.*) By becoming the purchaser a new relation created by the statute exists, in nowise dependent upon any privity of contract between the purchaser and mortgagor. (*Davis v. Dale,* 150 Ill. 239; *Bogardus v. Moses,* 181 Ill. 554; *Stevens v. Hadfield,* 178 Ill. 532.) The purchaser takes the property subject to all prior liens and incumbrances. (*Stevens v. Hadfield,* 76 Ill. App. 420; *Gregory v. Suburban Realty Co.,* 292 Ill. 568.) A receiver has no authority to pay prior incumbrances or interest or taxes after sale, without the sanction and authority of the court. (*Perlman v. Marzano,* 338 Ill. 109; *Stevens v. Hadfield,* 196 Ill. 253.) Neither under the order reappointing him, nor by any subsequent order of the court was he authorized to pay out of the rents collected, during the period of redemption, any taxes, interest or principal on prior incumbrances.

Plaintiff in error argues that it was by agreement of the parties that he, as receiver, paid principal and interest on the first and second trust deeds, and taxes after the foreclosure decree; that it was paid for the benefit of all concerned, including the Voights, who by the trust deed in the instant case expressly agreed that the same be paid by the receiver out of the rents collected after the foreclosure decree; that it would be inequitable and unjust to now require him to repay to the receivership estate the money so expended. We are unable from the state of this record to find such an equitable estoppel. The decree charged the receiver with interest at five per cent on the various sums paid by the receiver on prior incumbrances and taxes and costs against the receiver. We find no error in this regard.

The decree of the circuit court is affirmed.

*Affirmed.*

SCANLAN, P. J., and GRIDLEY, J., concur.