American Trust and Safe Deposit Company, Complainant, v. Warren B. Eldred et al., Defendants.
Anna Mae Blackstone and Aaron Soble, Cross Complainants and Appellees, v. American Trust and Safe Deposit Company et al., Cross Defendants.
Appeal of American Trust and Safe Deposit Company, Appellant.

Gen. No. 36,007.

Opinion filed June 28, 1932.

KIRKLAND, FLEMING, GREEN & MARTIN, for appellant; JOSEPH B. FLEMING, WILLIAM H. SYMMES, EMIL F. MEIER and FRANK BLOOM, of counsel.

AARON SOBLE and WILLIAM FELDMAN, for appellees.

MR. PRESIDING JUSTICE KERNER delivered the opinion of the court.

Appellant, American Trust and Safe Deposit Company, a corporation, as trustee, filed its verified bill to foreclose a first mortgage executed by Warren B. Eldred and Edith M. Eldred, securing $125,000. July 21, 1931, a decree of foreclosure was entered. October 22, 1931, Anna Mae Blackstone, individually, and Aaron Soble as trustee, filed their cross-bill praying for the appointment of a receiver to collect the rents. February 27, 1932, after the American Trust and Safe Deposit Company had filed an answer, the chancellor appointed a receiver. This interlocutory appeal followed.

The decree of foreclosure found the indebtedness due under the trust deed amounted to $128,957.83, and that it is a lien upon the premises and upon the rents, issues and profits thereof; that on April 10, 1930, one Florian Dwielewicz executed and delivered his principal notes amounting to $5,000, and to secure them executed a trust deed to Aaron Soble as trustee; that said trust deed is a junior lien on the indebtedness due appellant and subject also to a second trust deed securing $33,333, and also subject to a third mortgage dated August 27, 1929, and that there is due Anna Mae Blackstone $5,664.85. The decree also recites that the court reserves and retains jurisdiction of the subject matter and of the parties and for the appointment of a receiver to collect the rents, issues and profits of the premises and for the administration of the property in the hands of such receiver, the settlement of its accounts, and the discharge of said receiver.

The cross-bill recited the filing of the original bill and the entry of the decree of foreclosure and that the rents were being collected by the appellant; that no

accounting was being made for said rentals and that the rights of the appellant had been merged in the decree of foreclosure, and prayed that a receiver be appointed to collect the rents, etc., to abide the order of the court.

The verified answer of the appellant to the cross-bill averred that November 12, 1930, Anna Kieradlo, the owner of the fee title of the premises, executed her surrender of possession to the appellant as trustee, in which she authorized it as trustee to enter into and take possession of said premises, with all the rights, powers and duties mentioned in said trust deed and by said agreement she assigned and set over to the appellant as trustee, all the rents due November 12, 1930, or which might thereafter become due, and that said trustee might remain in possession, notwithstanding the entry of any decree of foreclosure, and that it should have full power to remain in possession until the expiration of the period of redemption from any foreclosure sale; that the appellant as trustee took possession under said trust deed immediately after the execution of the surrender and has been in possession since November 12, 1930. Appellees in their brief admit that Anna Kieradlo on November 12, 1930, owned the property, and had possession and on that day surrendered possession to the appellant as trustee.

The trust deed to appellant pledged the rents, issues and profits from the renting and leasing of the premises as additional security for the payment of the principal indebtedness, and that this pledge should continue until the period of redemption expires and a deed issue under a foreclosure sale, and also provided that in case of a default the trustee might take possession of the premises and retain such possession until the end of the period of redemption.

The record discloses that after the entry of the decree of foreclosure the property was twice advertised for sale pursuant to the decree, but by reason of the fact that no bidders appeared it was necessary to adjourn the sale, so that at the date of the appointment of the receiver the status of the proceedings was that a decree had been entered but no sale pursuant thereto had been held.

This appeal presents the question whether a trustee under a first mortgage, lawfully in possession of the mortgaged premises, may be dispossessed after the entry of a foreclosure decree but before the sale by a receiver appointed upon motion of a junior lienor.

While the appointment of a receiver is a matter resting in the discretion of the court it will, as a general rule, take care not to interfere with the rights of a person holding a prior legal interest in the property. (*Wiswall v. Sampson,* 14 How. [U. S.] 52, 64.) Receivers are not appointed to keep persons out of their rights. (*Odell v. H. Batterman Co.,* 223 Fed. 292, 297.) A mortgagor is the legal owner of the mortgaged premises as against all persons except the mortgagee and his assigns, and is regarded as the owner of the land for all beneficial purposes, subject only to the rights of the mortgagee. After condition broken, however, the mortgagee is, as between himself and the mortgagor, the owner of the fee. The mortgagor has the right of possession until default in the terms of the mortgage, but he cannot interfere with the right of the mortgagee to enter for condition broken. After condition broken, the mortgagee has the right to possession against the mortgagor or anyone claiming under him by any right (*Rohrer v. Deatherage,* 336 Ill. 450), and such possession, when taken, is a legal possession (*Kilgour v. Gockley,* 83 Ill. 109), and the mortgagee has the right to hold the possession until his debt is satisfied (*Dickason v. Dawson,* 85 Ill. 53),

and the fact that the mortgagor voluntarily transfers the possession to the mortgagee does not impair his rights as mortgagee (*Dickason v. Dawson, supra*), and as against a mortgagee in possession holding the premises as security for its bondholders after default, the appointment of a receiver at the instance of a junior lienor is improper. (*Altschuler v. Sandelman,* 264 Ill. App. 106; *Consumers Bond & Mortgage Co. v. Sadin,* 266 Ill. App. 141; *Van Ness v. Arado,* 257 Ill. App. 56, and cases cited. See also *Chicago Title & Trust Co. v. Smith,* 158 Ill. 417; Wiltsie on Mortgage Foreclosure [4th Ed.], vol. 1, sec. 576.)

The appellees concede the rules thus announced but contend those rules are not controlling in the instant case, and they argue that the result of the foreclosure decree was to merge the trust deed into the decree, and cite cases in which the court held that when a decree is rendered the instrument upon which the proceeding is based becomes merged in the decree and loses all of its validity. We have examined these cases and are of the opinion they are not applicable in the instant case. *White v. Haffaker,* 27 Ill. 349, and *Wayman v. Cochrane,* 35 Ill. 152, cited by appellees, were not foreclosure suits. There is a distinction between a foreclosure decree and a money judgment or decree. A foreclosure decree is not a money decree but provides that the property described in the decree be sold to satisfy the debt. It is true *Schaeppi v. Bartholomae,* 217 Ill. 105, was a foreclosure proceeding, but the trust deed in that case did not contain a pledge of the rents and the only security given for the debt was the land. In the instant case the trust deed pledged the rents as additional security and the decree provided that the amount due appellant was a lien upon the rents. That lien upon the rents was not extinguished by the entry of the decree alone. It must be followed by a sale of the land. In *Seligman v. Laubheimer,*

58 Ill. 124, 126, it was said: "Without determining the legal effect of the mere foreclosure, we do hold that the decree, followed by a sale of the premises, the purchase, and the subsequent acts of the first mortgagee, extinguished his mortgage lien." In *Ogle v. Koerner,* 140 Ill. 170, 179, the court said: "A deed of trust in the nature of a mortgage, vests in the party secured a lien upon the mortgaged premises. By virtue of that lien the mortgagee is entitled to have the mortgaged property sold under a decree of foreclosure and the proceeds of the sale applied to the payment of the debt secured. This is the mode provided by law for the enforcement of the lien, and when the lien has been once enforced by the sale of the property, it has, as to such property, expended its force and accomplished its purpose, and the property is no longer subject to it." In *Davis v. Dale,* 150 Ill. 239, 243, the court said: "The mortgagee or *cestui que trust* had the right to have the security foreclosed and the property sold, and the proceeds applied in payment of the secured debt. But when this has been done, and the lien enforced by a sale of the property and the proceeds applied, the mortgage or trust deed has expended its force, and the property is no longer subject to its provisions." In *Bogardus v. Moses,* 181 Ill. 554, 559, the court said: "When the lien of the mortgage has been enforced by the sale of the property, and such sale has realized the whole amount of the debt, interest, and costs which are due, the mortgage has expended its force, and the property is no longer subject to its provisions." And in *Powell v. Voight,* 261 Ill. App. 127 (affirmed by our Supreme Court April 23, 1932) we said: "Where there is a deficiency, a pledge of the rents during the redemption period is not extinguished by the foreclosure and sale, and the owner of the deficiency as well as the judgment debtors is entitled to have it satisfied out of such rents. (Citing cases.) After the foreclosure sale and entry

of the deficiency decree, the trust deed remained in force as to the pledge of the rents during the redemption period only for the purpose of satisfying the deficiency decree.''

Our conclusion is that the chancellor erred in appointing the receiver and the order is therefore reversed.

*Reversed.*

SCANLAN and GRIDLEY, JJ., concur.