Rose Donohue, Appellee, v. Central Life Insurance Company of Illinois, Appellant.

Gen. No. 38,435.

Opinion filed December 31, 1935.

HYMAN A. PIERCE, of Chicago, for appellant; HAROLD KRULEY, of Chicago, of counsel.

HAROLD O. MULKS and CHARLES R. BARRETT, both of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the Central Life Insurance Company of Illinois, a corporation, and Arthur H.

Conley, to recover the rental value of property located in Oak Park for the period from May 1, 1933, to September 1, 1934, or a total of $1,200. The case was tried before the court without a jury. The suit was dismissed as to Conley. There was a finding and judgment in plaintiff's favor and against the Central Life Insurance Company for $1,040 and it appeals.

The record discloses that January 24, 1926, Harold Cusack and his wife gave a trust deed on the property in question to secure an indebtedness of $10,000. Afterward the property was conveyed by the mortgagors to plaintiff, Rose Donohue, the mother of Harold Cusack. The notes and trust deed were owned by defendant, Central Life Insurance Company of Illinois, and on April 16, 1931, it filed a bill of foreclosure in the superior court of Cook county; on April 30, 1931, Herbert Newcomb was appointed receiver to collect the rents, manage and control the property. His bond was fixed at $1,000. April 2, 1932, Newcomb filed his bond and it was approved by the superior court. Prior to that time, February 19, 1932, a decree of foreclosure was entered. The decree provided among other things, "That the complainant, Central Life Insurance Company be and is hereby given a lien upon the rents, issues, and profits arising from said premises during the full fifteen month statutory period of redemption as provided by law. . . . And that Herbert Newcomb heretofore appointed Receiver in this case upon qualifying as such shall act as Receiver of this court during said period of redemption or until said Receiver shall have collected sufficient money to satisfy" any deficiency, and that the net rents collected by him be applied from time to time in payment of the deficiency. March 16, 1932, the master sold the property under the decree, the sale was approved by the superior court March 21, 1932, and a deficiency decree entered for $912.11. The deficiency decree provides that "Herbert

Newcomb, upon qualifying as such, shall act as Receiver of this Court for the full fifteen month statutory redemption period and with power to rent said premises . . . and to collect rents and to keep in repair said premises and to apply the rents from time to time upon payment of said deficiency and to pay the expenses of management and maintenance of said premises in order to keep the premises in a fit condition for renting,'' and that all persons in possession of the premises "are hereby ordered to pay rents to the said Receiver''; and that the receiver report to the superior court his acts and doings. After the period of redemption had expired a master's deed was issued to defendant Central Life Insurance Co., it being the owner of the master's certificate of sale. The deed is dated June 17, 1933, and acknowledged October 16, 1934, the latter date apparently being the day on which the deed was executed. August 2, 1932, an order was entered by the superior court of Cook county awarding a writ of assistance against Harold Cusack that he deliver up forthwith possession of the premises to the receiver. May 1, 1933, Dr. Arthur Conley took possession of the premises and paid $75 a month as rent to defendant, Central Life Insurance Company. This $75 was for rent of the premises and the use of carpets on the floor, a refrigerator, a gas range, an oil burner and other personal property which the defendant Central Life Insurance Co. had purchased from plaintiff after the foreclosure and sale of the premises. All the foregoing facts are stipulated and the evidence further shows that defendant, Central Life Insurance Co., expended $1,328.57 in repairing the premises, the repairs being necessary to render the premises tenantable.

The evidence further shows that Newcomb, the receiver, did nothing except to have his bond approved and to procure the writ of assistance, as above stated. He collected no rents, made no report and seems to have disappeared.

Plaintiff, called by defendant, testified that she had lived in the premises about three months and vacated about September or November, 1932, moving into her own property a short distance from the property in question, and she knew that Dr. Conley moved into the premises about May 1, 1933.

The court held that plaintiff was entitled to the rents until the master's deed was issued, October 16, 1934, since the receiver did not physically take possession of the premises and collect the rents. In support of the trial judge's ruling, counsel for plaintiff cite *Allison v. White,* 285 Ill. 311. That was a bill for partition of 320 acres of land. The land was in possession of defendant, White, who under an apparent chain of title had executed a mortgage on the property. The bill prayed, in addition to the partition, the cancellation of the mortgage. A decree was entered as prayed for. The court there said (p. 321): "It is argued that Isabelle Allison could convey nothing by her deed but her right of redemption, which had already expired. Until the execution of the master's deed she was still the owner of the life estate, subject to the incumbrance of the sale. She was entitled to the possession and control of the property. The certificate of sale conferred no title to the land. It was only evidence of a right to obtain the title, and as against every right except that right, and until it was exercised and a deed made, Isabelle Allison was the owner of the life estate. By failing to redeem from the master's sale she did not lose her title, and if the master's deed was not executed within the time limited by the statute she was then the absolute owner of the life estate. *Lightcap v. Bradley,* 186 Ill. 510." We think the rule of law announced in that case does not affect the rights of the parties in the instant case where the foreclosure decree and the deficiency decree expressly provided that the receiver, upon qualifying, should take possession of the property during the period of redemption,

manage, control, collect the rents, keep the building in repair and apply the rents toward the satisfaction of the deficiency judgment of $912.11. The receiver qualified by having his bond approved. He obtained a writ of assistance directed against Harold Cusack, commanding that he deliver up the premises to the receiver and apparently the writ was executed. Afterward, in September or November, 1932, plaintiff moved out of the premises and apparently the property was vacant from that time until it was rented to Dr. Conley May 1, 1933, by defendant Central Life Insurance Co. It is undisputed that the premises were in a bad state of repair; the roof leaked and the insurance company expended $1,328.57 to render the building tenantable. The insurance company also purchased some of the furnishings of the house from plaintiff and Dr. Conley paid rent for the premises which included the use of the personal property so purchased, to the insurance company. Plaintiff after vacating the premises moved to her own home, a short distance from the property, as she testified, and she knew that Dr. Conley was occupying the premises from May 1, 1933. She made no complaint nor any claim that she had any interest in the property until she brought suit on October 11, 1934, six days before the master issued his deed. It is obvious that plaintiff's claim is an afterthought, and the fact that the receiver did not actually take possession of the property and that the insurance company neglected to take out a deed for more than a year after it was entitled to one, although it was collecting rents in the meantime, were merely irregularities. It is apparent that plaintiff consented to what the insurance company had done in improving and renting the premises and cannot now be heard to complain. *State Bank & Trust Co. v. Massion,* 279 Ill. App. 234. In that case we held that a mortgagor who consents to be appointed to operate the mortgaged

property in lieu of the appointment of a receiver, virtually admits the necessity for the receiver and will not be heard to complain that a receiver was not actually appointed.

We are unable to agree with the contention of counsel for plaintiff that "Upon the entry of a decree of foreclosure followed by a sale, the mortgage or trust deed is merged in and cancelled by the decree, and ceases to exist longer as a legal instrument. It no longer binds the parties, and cannot be resorted to by either as a basis for a claim against the other." This contention is contrary to the holding of this court in *Bolton v. Starr*, 223 Ill. App. 39, and cases there cited, and is inapt here because of the provision contained in the deficiency decree above quoted.

Before entering judgment of reversal we might suggest that if the $1,328.57 expended by the defendant insurance company (but evidence tending to prove this fact having been excluded) was unnecessary and improper, the matter can be gone into by the chancellor in the foreclosure proceeding.

The judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*

McSurely, P. J., and Matchett, J., concur.