194

**In re BRADTKE.**

**TUDOR v. BRADTKE.**

No. 6864.

Circuit Court of Appeals, Seventh Circuit.
June 26, 1939.

Arthur Abraham, of Chicago, Ill., for appellant.

Walter E. Wiles, George E. Q. Johnson, and Luther D. Swanstrom, all of Chicago, Ill., for appellee M. M. Martin.

William J. McGah and Louis A. Sherman, both of Chicago, Ill. (Irving S. Abrams and Louis A. Sherman, both of Chicago, Ill., of counsel), for appellees John T. Brown et al., constituting the Consolidated Bondholders' Committee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Through this appeal appellant challenges the legal capacity of appellees to institute proceedings in bankruptcy under Chapter X, § 101 et seq., of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The

District Court approved the petition as proper and filed in good faith.

The debtor's estate consists of a building located at 5800 West Lake Street, Chicago, with 27 apartments, and a substantial amount of furniture and furnishings.

In July, 1927, the owners, Pine and wife, floated an $87,500 bond issue. One F was named trustee in this mortgage. The outstanding bonds on the property now total $72,500. The trustee F was succeeded by one Grant and later by appellant Tudor, who was appointed January 17, 1935.

The mortgage was foreclosed and a decree was entered July 5, 1934. Subsequent to the entry of this decree, more than two-thirds of the bondholders signified a desire to remove Tudor; and Bradtke, one of the appellees, was nominated in his stead as a successor indenture trustee. This was on November 28, 1938. Tudor, here challenges the legality of this appointment or nomination on the ground that the provisions of this trust indenture were not effective after the entry of the foreclosure decree. No sale of the property pursuant to this decree was had. Tudor was appointed tax receiver and manager for the County Collector, of the property in question under an Illinois act known as the Skarda Act, Smith-Hurd Stats.Ill. c. 120, § 238a et seq.

Bradtke executed a trust agreement on October 4, 1938, dated December 1, 1934, wherein he expressly acknowledged that he held title to the equity for the benefit of the bondholders.

On December 1, 1934, while Grant was the trustee, a contract was entered into between him and the equity owners whereby the equity and certain personal property were to be quitclaimed to the appellee Bradtke on the payment by the indenture trustee, in installments, of $1700 and the release of the grantors from liability for deficiency judgments. The purpose of this arrangement for the separation of mortgage and equity interests, was apparently to prevent a merger of interests which might make intervening liens superior to the mortgage lien.

Bradtke instituted the instant proceedings in his capacity as a trustee under this last aforedescribed agreement. He alleged the value of the property to be $75,000 and liabilities in excess of $110,000 (the bonded indebtedness on which no interest had been paid since July 28, 1931, was $83,955; the unpaid taxes to 1937 exceeded $20,000). Tudor's account in the state court for the period from January 17, 1935, to November 30, 1937, showed $34,080 income, and disbursements $31,902, including 5% commission to himself.

A consolidated bondholders' committee formed December 4, 1934, was granted leave by the court to intervene in these proceedings, and they asked the court to approve Bradtke's petition as filed in good faith and to have Tudor removed. They also asked that a receiver be appointed. Tudor answered. He also questioned the court's jurisdiction. On November 30, 1938 (two days after recordation of his appointment as successor indenture trustee), Bradtke filed an intervening petition as successor indenture trustee and urged all matters set forth in his original petition.

Tudor's title to the position from which the bondholders have sought to remove him, is based on his appointment by the court. He also argues that the trust deed was merged in the decree of sale, and Article 12 of the deed of trust, having to do with the power of two-thirds of the bondholders to remove the indenture trustee, became ineffective and inoperative. Article 12 reads:

"Any such trustee or successor in trust may also be removed by an instrument in writing signed by the holders of not less than two-thirds in amount of the bonds hereby secured and then outstanding, and recorded in the office of the Register of Deeds of the County in which the premises are situated."

The District Court, on December 13, 1938, approved Bradtke's two petitions and the consolidated committee's petition as having been filed in good faith and appointed Martin, trustee in bankruptcy, directed the substitution of Bradtke as successor trustee to Tudor and ordered Tudor to turn over all property to Martin. Tudor appeals from this order.

Petitioner Bradtke's right to invoke the jurisdiction of the District Court is dependent upon Section 1, Subdivision (8), 11 U.S.C.A. § 1(8) (made applicable by Sec. 106(3) of Chapter X, 11 U.S.C.A. § 506(3) of the Chandler Act, which reads:

" 'Corporation' shall include all bodies having any of the powers and privileges of private corporations not possessed by in-

dividuals or partnerships and shall include partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint-stock companies, unincorporated companies and associations, and any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument."

Was the debtor's a business conducted by a trustee? Are the beneficial interests evidenced by certificates *or other written instruments?* Tudor also points out that the deed of the equity in the real estate and the personal property was never delivered to Bradtke, but to Tudor, who held it in his possession, and therefore Bradtke never obtained title, delivery being indispensable to the passage of title. Tudor also challenges the legality of his removal as trustee and the District Court's right to remove him or recognize as valid the bondholders' action in removing him.

For the following reasons we conclude the District Court correctly approved the filing of this petition:

■ (1) The indenture trustee conducted a business within the meaning of that term as used in section 1, subdivision (8), above quoted. Tudor received 5% commission for managing the business as trustee under the indenture. If he were not conducting a business, for what was the trustee paid 5% of the income? Would not Bradtke as Tudor's successor be also so "conducting a business" so as to entitle him to file the instant petition?

(2) If Bradtke did not have the legal title to the equity through the quitclaim deed in which he was nominee, he had such a right, including the right to specific performance of the contract as qualified him to file the petition. All the money had been paid and all other matters completed and obligations fulfilled pursuant to a binding written agreement.

(3) There may have been no certificates of interest or ownership in one sense, but there was another "written instrument" (see sec. 1 subd. (8) above) which evidenced beneficial interest and ownership. The written agreement by Bradtke provided that he would hold for "the ultimate use and benefit" of "owners and holders of bonds outstanding and unpaid in the aggregate sum of $74,500, secured by trust deed * * * Document No. 9761504."

■ (4) Tudor's attempt to defeat the proceedings instituted by the creditors and successor indenture trustee on the ground that he is seeking to avoid bankruptcy costs must be rejected, in view of the fact that more than two-thirds of the bondholders support Bradtke in his endeavor to effect a reorganization, have named him as successor trustee, and have filed their own intervening petition adopting his original petition as trustee of the equity.

(5) There must be some one under Sec. 126, Chap. X, 11 U.S.C.A. § 526, who may properly file a petition for reorganization in this case. It is limited to either "a corporation, or three or more creditors * * * or an indenture trustee * * *." The original owners of the property have divested themselves, in Bradtke's favor, of title and of any interest in said property.

(6) Tudor's challenge of Bradtke's right because evidences of title were never delivered to Bradtke is denied for the reason that Tudor cannot unlawfully withhold possession of instruments of title and then deny title because possession has not been delivered to the grantee as it should have been.

■ Appellant's chief reliance is upon his argument that the foreclosure decree terminated the right of two-thirds of the bondholders to remove the trustee and to name a new one. We are unable to accept this view, where the foreclosure proceedings have gone no further than the entry of a foreclosure decree. There had been no sale. Had there been a sale, approved by the court, then the lien of the bondholders would have been merged. Until the sale, however, the bondholders' lien was undefeated. The right to redeem and the right to name the trustee still existed. Chicago Joint Stock Land Bank v. McCambridge, 343 Ill. 456, 460, 175 N.E. 834; Powell v. Voight, 261 Ill.App. 127; Id., 348 Ill. 605, 608, 181 N.E. 403; Bolton v. Starr, 223 Ill.App. 39; Donohue v. Central Life Ins. Co., 283 Ill.App. 254; see, also, Schaeppi v. Bartholomae, 217 Ill. 105, 112, 75 N.E. 447, 1 L.R.A.,N.S., 1079; American Trust & Safe Dep. Co. v. Eldred, 267 Ill.App. 176; see also Ruling Case Law, "Judgments," Sec. 241 et seq., "Mortgages," Sec. 354.

■ We are also convinced that Tudor's appeal should be dismissed because he is not in a position to take it. He filed a petition to appeal as indenture trustee. In

no other position did he assert a right to appeal. When he filed that petition to appeal he had been removed as indenture trustee by the action of the bondholders taken pursuant to the provisions of the trust deed. If he were validly removed, he had no suable interest. He was a stranger. It takes more than an academic interest in the litigation to present a suable interest. While the court's order directed his removal, he was in fact out before that order was entered. The action of the bondholders eliminated him without a court order.

We are convinced that the order appealed from is proper and valid and should and would be affirmed but for the lack of suable interest on the part of appellant. Appellant had no such interest as permitted him to invoke our jurisdiction.

This appeal must therefore be, and it is hereby, dismissed.